WHEELER et al. v. NEWTON. (No. 124–35.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1915.)

1. BANKRUPTCY ☞425—DISCHARGE—EFFECT—NOTICE OR ACTUAL KNOWLEDGE OF THE PROCEEDINGS IN BANKRUPTCY.

Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1913, § 9601), provides that a discharge shall release a bankrupt from all his provable debts, except such as have not been duly scheduled in time, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. The bankrupt did not schedule a mortgage a provable debt, though he knew the name of the creditor, and the only notice of the bankruptcy proceedings which the creditor had came through an incidental conversation with a stranger to the proceedings, not covering information as to when the proceeding was commenced, or as to the time or place of creditors' meetings, or any application for discharge. Held, that the statute required a personal notice, or knowledge of the bankruptcy proceedings equivalent to such personal notice, that the mere fact of the debtor's bankruptcy was not notice, and that the notice was not such "notice or actual knowledge of the proceedings in bankruptcy" as would discharge the debt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. ☞425.]

2. BANKRUPTCY ☞435—ACTION—PLEADING DISCHARGE.

Under such section, discharge is an affirmative defense, and, in an action against defendant subsequent to his discharge in bankruptcy, his answer that after the claim had accrued a petition in bankruptcy was duly filed, that a decree was entered discharging defendant of all his debts, including that stated in the complaint, that due notice of such bankruptcy proceeding was given to the plaintiff herein, who had knowledge thereof, and that by reason thereof the debt had been discharged, was insufficient, in that "due notice" is such a notice as the Bankruptcy Act contemplates in the proceeding after the bankrupt has filed his schedules, and hence the answer did not allege actual knowledge of the proceedings in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–839; Dec. Dig. ☞435.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Chenango County.

Action by John E. Wheeler and another, as executors, and Grace B. Kellogg, as executrix, of the will of Ezra B. Wheeler, deceased, against Parker Newton. From a judgment dismissing the complaint, after a trial before the court without a jury, plaintiffs appeal. Reversed, and judgment directed for plaintiffs.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene Clinton, of Norwich, for appellants.
H. C. Stratton, of Oxford, for respondent.

WOODWARD, J. The complaint alleges that on or about the 19th day of December, 1892, the defendants for a good and valuable consideration, and for the purpose of securing the payment to the plaintiff of the sum of $600, with interest thereon, made, executed, and delivered to the plaintiff a mortgage, sealed with their seals, whereby the said defendants did covenant, promise, and agree to pay said sum and interest as in said mortgage specified; that this mortgage contained a bond clause and was duly recorded; and that the defendants have failed to comply with the conditions, with the exception of certain payments made thereon—and demands judgment accordingly. The answer puts in issue the material allegations of the complaint, and sets up as an affirmative defense that after this claim had accrued a petition in bankruptcy was duly filed in the United States District Court, and that "such proceedings were thereafter had that on or about the 17th day of August, 1899, a decree was duly entered and filed in said court, wherein and whereby this defendant was duly discharged of all of his debts, including the one stated in the complaint herein; that due notice of said bankruptcy proceedings was given to the plaintiff herein, and the plaintiff had knowledge thereof; and that by reason of the premises said debt or obligation mentioned in the complaint has been released and discharged."

The court below held that the mortgage was a valid and subsisting obligation, but in its fifteenth finding of fact held that "in the fall of 1899, and also in the spring of 1900, the said Ezra B. Wheeler had actual knowledge and notice of the said proceeding in bankruptcy of the said defendant Parker Newton, and that he had such notice and knowledge before the discharge in bankruptcy of the said defendant Parker Newton, and in sufficient time whereby he could have made himself a party to said proceedings and enjoyed the same rights and privileges of the other creditors and persons having claims against the said Parker Newton whose said claims were included in the schedules in bankruptcy of said Newton." Conclusions of law were found in harmony with this finding of fact, and the plaintiff on this appeal challenges the judgment entered upon the ground that this so-called fifteenth finding of fact is not supported by the evidence, and is a conclusion of law not warranted by the specific facts found by the court at the plaintiff's request. The only question presented here is whether the defendant was discharged from the obligation in suit in the bankruptcy proceeding.

The learned trial court found as a fact that the mortgage in question was not listed or scheduled in the bankruptcy proceeding, and that Ezra B. Wheeler, in said bankruptcy proceeding and in said application for said discharge, was not notified by the service of any papers upon him; that the papers and records in the bankruptcy proceeding do not show that said Ezra B. Wheeler was ever notified, or that he ever had any knowledge or information, concerning said matters; that in the fall of the year 1899, no approximate time being given, one E. C. Bentley, a traveling salesman, who was in no way connected with the bankruptcy proceedings, and in no way interested in or connected with Ezra B. Wheeler, or said Parker Newton, as agent or otherwise, told said Ezra B. Wheeler, in a conversation in a hotel in the village of Greene, N. Y., that Mr. Newton had gone into bankruptcy; that again in the spring of 1900, no approximate time being given, the said E. C. Bentley again said to Ezra B. Wheeler, in a conversation in said hotel, that Mr. Newton had gone into bankruptcy; that these conversations were the only information which the said Ezra B. Wheeler received that said Parker Newton had gone into bankruptcy; that it does not appear that the said Ezra B. Wheeler had any information as to when said procedings in bankruptcy were instituted, or as to the time or place of meeting of creditors, or any knowledge or information of the application for said discharge; and that the defendant, Parker Newton, at the time he made and filed his petition and schedules in bankruptcy, and during said proceedings, and at the time of the application for the discharge, knew that said Ezra B. Wheeler was a resident of Greene, Chenango county, N. Y.

[1, 2] It thus appears that the only notice which the plaintiff had of the bankruptcy proceedings, under which it is claimed he was debarred from his rights in the mortgage in suit, came to him through two incidental conversations with a stranger to the proceedings and to both of the parties to the action, and the question is whether this, as a matter of law, relieved the defendant from the obligation. Section 17 of the Bankruptcy Act (30 U. S. Stat. at Large, 550, c. 541) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

This was a provable debt; it was not scheduled at any time during the proceeding, and the bankrupt knew the name of the creditor, so that there was no discharge of this debt unless the fact is made to appear that the "creditor had notice or actual knowledge of the proceedings in bankruptcy." The defense is an affirmative one, the defendant pleading on information and belief "that due notice of said bankruptcy proceedings was given to the plaintiff herein and the plaintiff had knowledge thereof"; and it is difficult to understand, under the facts found at the request of the plaintiff, how it can be held that the defendant has established the defense. "Due notice" is such a notice as the Bankruptcy Act contemplates in the orderly administration of the proceeding, after the bankrupt has filed his schedules, and it is con-

ceded that no such notice was given to the plaintiff, and we have only the question of whether the plaintiff had "actual knowledge of the proceedings in bankruptcy." No such fact is pleaded. The allegation is that "due notice of said bankruptcy proceedings was given to the plaintiff herein and the plaintiff had knowledge thereof."

Passing over the technical point that the allegation is merely that the plaintiff had knowledge of the alleged due notice, it is to be observed that, while the statute requires as a condition of relieving the defendant that the creditor had "notice or actual knowledge," the defendant merely alleges that the plaintiff "had knowledge thereof." While it is true that the word "actual" does not usually advance the meaning, it must be understood in the connection used in the statute under consideration to emphasize the fact that the knowledge of the party must be actual as contradistinguished from constructive or speculative. It must be something existing in fact. 1 Am. & Eng. Ency. of Law, 601. The statute requires that the plaintiff should have "had notice or actual knowledge," and the rule is well established that where a statute requires notice to be given, and there is nothing in the context of the statute, or in the circumstances of the case, to show that any other notice was intended, a personal notice must always be given. Beakes v. Da Cunha, 126 N. Y. 293, 297, 27 N. E. 251. It must follow, therefore, that when the statute here under consideration required "notice or actual knowledge," it contemplated a personal notice, or "knowledge of the proceedings in bankruptcy" equivalent to such personal notice. In other words, that great underlying principle of our law, that no one shall be deprived of his property without due process of law, is present in this statute, and it requires such personal notice of the proceedings, or actual knowledge equivalent to such personal notice, as would be required in any court where it was proposed to deprive a man of his property.

The proof and the findings here go no farther than to show that the plaintiff was told by a stranger to the proceeding that the defendant Newton had gone into bankruptcy. But the fact that one's debtor has gone into bankruptcy is not notice or knowledge of "the proceedings in bankruptcy." It does not impose the duty upon the creditor of taking active steps. He has a right to rely upon the provisions of the statute that he shall have notice or actual knowledge of the proceedings; he has the right to assume that no substantial right will be taken from him without his having an opportunity for contesting the question in the ordinary way—that the bankrupt will comply with the conditions of the statute necessary for his own relief. In Morrison v. Vaughan, 119 App. Div. 184, 104 N. Y. Supp. 169, the plaintiff had notice of the bankruptcy through reading of it in the newspapers, and subsequently the defendant himself and his clerk verbally conveyed the information to the plaintiff, while yet there was time to intervene in the proceeding, and the First Department (Mr. Justice Laughlin dissenting) held that the plaintiff had such actual knowledge as to come within the provisions of the statute. This is clearly carrying the rule to its limit, and does not justify this court in holding that a mere casual conversation with a disinterested person, in which the plaintiff is told that the defendant

has gone into bankruptcy, is such "notice or actual knowledge of the proceedings in bankruptcy" as to entitle the defendant to be discharged of the obligation of an unscheduled and provable debt.

While there are some points of distinction between the case at bar and Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, affirmed 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231, the reasoning of the case tends strongly in the direction which we have held, and it seems clear that, if persons are to have the benefit of the Bankruptcy Act, they should substantially comply with the provisions of the law in those matters which involve the property rights of others, and it is not a substantial compliance where the debt is not scheduled and the creditor is left to discover the bankruptcy through an incidental conversation with one having no relation to the transaction, and who is not even shown to have had any knowledge of the facts himself.

The judgment appealed from should be reversed, and, as it does not appear that a new trial could change the result, judgment should be granted to the plaintiff, with costs. All concur.

