## No. 401

### First Circuit

### SMITH v. TODD ET AL.

(February 13, 1929. Opinion and Decree.)
(March 6, 1929. Rehearing Refused.)

Thos. M. Burns, and Jas. T. Burns, of Covington, attorneys for plaintiff, appellee.

Lindsay McDougall, of Covington, attorney for defendant, appellant.

LECHE, J. Defendants filed their petition and went into voluntary bankruptcy on October 1, 1925, and they obtained a final discharge in March, 1926. Plaintiff, who held three notes made and subscribed by defendants, was not placed on the list of creditors in the schedules which accompanied defendants' application to be discharged in bankruptcy, nor was he notified of such application.

He brought the present suit to recover the amount of his claim represented by the three notes, and the defense is that although his name was not listed on the schedules in bankruptcy and no notice was given to him, his claim was discharged because he had actual knowledge of the bankruptcy proceedings.

The only contested question in the case is whether plaintiff had actual knowledge of the bankruptcy proceedings. This is conceded by both parties to be the only issue in the case.

The law is that a debtor is discharged of liability for a particular debt in a

bankruptcy proceeding, even where such debt is not carried on the schedule and where such creditor is not expressly notified, when it appears that the creditor has had actual knowledge of the proceedings, but that such knowledge must have existed in time to avail the creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge coming so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends; knowledge not acquired by the creditor until after discharge, though in time to prove his claim and to move to revoke the discharge, is not sufficient. 3 R. C. L. p. 337; Birkett vs. Columbia Bank, 195 U. S. 345, 25 S. Ct. 38, 49 L. Ed. 231.

As a matter of fact plaintiff swears positively that knowledge of the defendants' bankruptcy proceedings only came to him a few days before he filed the present suit. The suit was filed March 20, 1928. There is no reason suggested in or supported by the note of evidence, why this statement of plaintiff should be questioned or its correctness impugned. The presumption arising from the fact that notices of bankruptcy appeared in the local newspapar at Covington, in the Parish of St. Tammany, where plaintiff resided, and that knowledge was thus brought to plaintiff, was destroyed when it was shown that plaintiff was absent from home and out of the State when such publications appeared.

Admitting that the burden of proof rested upon plaintiff to show absence of knowledge, a question upon which we express no opinion, we believe nevertheless that plaintiff has shown that he did not have the actual knowledge required under the bankruptcy law (11 U. S. C. A.) to justify the discharge of defendants from liability. Such was the finding of the trial judge and we agree with him.