INDUSTRIAL LOAN & INVESTMENT CO.
v. CHAPMAN et al.

No. 6031.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 5, 1940.

LeDoux R. Provosty and Richard B. Sadler, Jr., both of Alexandria, for appellants.

Shapiro & Shapiro, of Alexandria, for appellee.

HAMITER, Judge.

On January 24, 1933, the Industrial Loan and Investment Company, a co-partnership,

obtained a solidary default judgment against W. F. Chapman and another for $115.13, with interest, attorney's fees and costs, the action being predicated on their promissory note.

Chapman, on July 12, 1933, was adjudicated a bankrupt in the United States District Court for the Western District of Louisiana, following his filing of the necessary petition. The schedule of creditors presented did not list the said Industrial Loan & Investment Company. Publication of a notice regarding the adjudication of the debtor and the first meeting of his creditors appeared in the July 22, 1933 issue of the Alexandria Daily Town Talk, a newspaper published in Alexandria, Louisiana. A petition for his discharge in bankruptcy was filed November 1, 1933, but a judgment ordering it was not rendered until September 9, 1938.

On October 10, 1938, the named judgment creditor caused the issuance under its judgment of a writ of fieri facias and also garnishment directed to Chapman's employer, Weiss & Goldring. The garnishee answered the propounded interrogatories stating that it did not then owe the debtor any funds, but that he was in its employ at a weekly salary of $35. Chapman, on October 15, 1938, moved in writing the dismissal of the garnishment, urging as grounds therefor his discharge in bankruptcy.

The motion was regularly tried, after which the court overruled it and ordered the garnishee to pay into court, for application on the judgment, a certain percentage of the debtor's weekly wage. A new trial was refused, and Chapman appealed.

■ With certain exceptions, a discharge in bankruptcy releases a bankrupt from all of his provable debts. In the excepted group are those that "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 U.S. C.A. § 35.

■ In order for an unscheduled debt to be released by the discharge, the mentioned notice or actual knowledge must be received by the creditor "in time to allow him to prove his claim and avail himself of the benefit of the bankruptcy law to participate equally with other creditors in the administration of the estate." 8 Corpus Juris

Secundum, verbo, Bankruptcy, § 577. See also Smith v. Todd, 10 La.App. 199, 120 So. 433, and Childers v. Hankins, La.App., 180 So. 891.

■ It is also pertinent to observe that under the provisions of the Bankruptcy Act in effect in 1933, a claim could not be proved against the bankrupt's estate subsequent to six months after the adjudication. 11 U.S.C.A. § 93, subdivision n (As amended May 27, 1926).

Chapman's indebtedness with the Industrial Loan & Investment Company, as before stated, was not duly scheduled; and, therefore, the controversy presents the question of whether or not said creditor had such notice or actual knowledge of the bankruptcy proceedings within six months after the date of adjudication as would effect a release of the debt under the judgment of discharge.

■ The burden of proving that the creditor had the discussed notice or actual knowledge is with the bankrupt. 8 Corpus Juris Secundum, verbo Bankruptcy, § 586; Hill v. Smith, 260 U.S. 592, 43 S.Ct. 219, 220, 67 L.Ed. 419: Mr. Justice Holmes, as the organ of the United States Supreme Court in the cited case, gives the following observation concerning this matter: "But there is an exception to the exception, 'unless the creditor had notice,' etc., and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right. We agree with the Court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor's name from his schedules he must prove the facts upon which he relies."

The manager of the creditor company herein, who is also a member of the partnership, testified that he received no legal notice of Chapman's bankruptcy proceedings; that he is a daily reader of the Alexandria Daily Town Talk, but has never seen any advertisement therein relating to it; and that his first knowledge of the proceedings was gained during the latter part of the year 1938. It was admitted that the other partner, if present at the trial, would give the same testimony.

The only other evidence in the record relating to the issue of the creditor's knowledge of the bankruptcy proceedings is a letter written on August 2, 1938, by the attorneys for said creditor to the debtor.

506

Therein reference is made to the debtor's adjudication and discharge in bankruptcy.

Chapman's counsel contends that by reason of the regular reading by the creditor's members of the mentioned newspaper, in an issue of which the bankruptcy notice appeared, and their interest in obtaining information concerning the financial condition of the company's debtors, the conclusion must be reached that they possessed the required actual knowledge. We cannot agree with this contention. It is well known that a published item relating to a subject in which the reader is vitally interested often escapes attention, notwithstanding his very careful and close reading of the newspaper containing it.

The above referred to letter is without importance here. It was written more than four years after the expiration of the period within which proof of the claim could have been made.

If the publication of the notice and the regular reading of the newspaper by the partners created a presumption of the existence of such knowledge, it was not a conclusive presumption and has been successfully rebutted by the positive testimony in the record.

The debtor has failed to discharge the burden of proof which he carried, and his motion, we think, was correctly overruled.

The judgment is affirmed.