CULPEPPER, Judge.
This is a suit on a promissory note. The defense urged is that the obligation was discharged in bankruptcy. From an adverse judgment defendant appeals.
The facts show that on September 19, 1961 the defendant, Henry C. Henderson, executed a promissory note for the sum of $3,480 payable to Jasper L. Bourgeois. The plaintiff, Donald L. Robinson, co-signed the note as an accommodation. Thereafter the *117 defendant paid to Mr. Bourgeois five installments of $145 each. Then on May 2, 1962 the defendant Henderson filed a petition for voluntary bankruptcy. The note in question was not scheduled in the bankruptcy proceedings. Consequently, no legal notice was sent to either Bourgeois or Robinson.
The defendant was discharged in bankruptcy on July 26, 1962. The bankrupt’s assets were subsequently sold in December of 1962 and the proceedings terminated. Neither Bourgeois nor Robinson filed a claim or participated in the bankruptcy proceedings.
The principal issue hinges on the interpretation of that portion of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(3), which states:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * * ”
We point out at the outset that there is a difference between the words “notice” and “actual knowledge” as used in the above quoted portion of the Bankruptcy Act. As is stated in 8B C.J.S. Verbo Bankruptcy § 577 (3) a, p. 87:
“The notice contemplated by this section of the Act is a written or printed notice to the creditor. However, this section of the Act evidently contemplates that the creditor may have actual knowledge of the bankruptcy proceedings derived from other sources than the modes pointed out in the Act, and if a creditor has knowledge or notice, however acquired, of the bankruptcy proceedings in time to prove his claim, such claim is barred by the bankrupt’s discharge.”
In the present case there was admittedly no “notice” given in the manner provided in the Bankruptcy Act. The only question here is whether plaintiff had “actual knowledge” from other sources.
As we understand the written opinion of the trial judge, he found as a fact that Mr. Robinson and Mr. Bourgeois did know that the defendant Henderson had taken bankruptcy but he held the evidence was insufficient to show with any degree of certainty the dates on which Robinson and Bourgeois acquired such knowledge or whether the knowledge which they acquired was sufficient to constitute “actual knowledge” of the proceedings in bankruptcy.
The petition for bankruptcy was filed on May 2, 1962. Mr. Henderson contends that on about May 15, 1962 he telephoned Mr. Bourgeois, the payee of the note in question, and they discussed the bankruptcy. The gist of this telephone conversation was that although Mr. Henderson had not scheduled the note he intended to pay it. Mr. Bourgeois testified that he wasn’t much concerned about it, in any event, because he had a solvent accommodation endorser, Mr. Robinson.
Mr. Henderson also testified that on about May 15, 1962 he went to see Mr. Robinson and they discussed the bankruptcy proceedings. Mr. Robinson admitted he remembered the incident, but not the exact date. His recollection was that the principal matter discussed was how Mr. Robinson was going to be paid the monthly rental for a warehouse, owned by Robinson and leased to Henderson at the time of the bankruptcy proceedings. Part of the bankrupt’s estate was located in this warehouse and actually remained stored there until the assets were sold in December of 1962. Apparently these rentals were subsequently paid by the referee through Mr. Robinson’s attorney.
A further fact with reference to Mr. Robinson is his testimony that when he received all of this vague information about the bankruptcy proceedings, the exact dates and nature of which he did not understand *118 or remember, he also was not particularly-concerned because he, as an accommodation endorser, had not yet been called on to pay the note and he did not understand that he would ever have to pay it. It was not until January of 1963 that Bourgeois made demand and Robinson paid the balance due on the note.
Under these facts defendant contends plaintiff had “actual knowledge” of the proceedings in bankruptcy. The principal case relied on by defendant is Childers v. Hankins, 180 So. 891 (2nd Cir. La.App. 1938). There plaintiff read the newspaper notice of defendant’s adjudication in bankruptcy, after which plaintiff acquired a note endorsed by defendant. Then plaintiff checked the bankruptcy proceedings and found the note was not scheduled so he “just kept quiet” and later sued defendant on the note. The court apparently concluded, without discussion, that by “checking” the proceedings plaintiff acquired all the knowledge he needed, to protect all of his rights as a creditor, but instead of taking any action, he “just kept quiet.” The principal issue discussed in the opinion, is the time at which plantiff acquired actual knowledge. Although the court held the plaintiff had timely knowledge it quoted the law from 7 Corpus Juris, Verbo Bankruptcy, Sec. 71 as follows:
“ ‘In order for a debt not duly scheduled to be released by the discharge, the creditor must have had notice or actual knowledge of the proceedings in time to allow him to prove his claim and and give him an equal opportunity with other creditors to participate in the administration of the estate and in the dividends declared.’ ”
There are many other authorities stating the same general rule that “actual knowledge” must be acquired in time to afford the creditor an equal opportunity to participate with other creditors in the administration of the affairs of the bankrupt’s estate as well as in time to permit the filing and proof of a claim. 8B C.J.S. Verbo Bankruptcy § 577(3) c, pp. 89-90; 9 Am.Jur.2d 599, Verbo Bankruptcy, Section 798; Smith v. Todd, 10 La.App. 199, 120 So. 433 (1st Cir. App.1929); Industrial Loan and Investment Company v. Chapman, 193 So. 504 (2nd Cir. La.App.1940); Remington on Bankruptcy, Vol. 8, Sec. 3358.
Cases from other states, as well as federal courts, have considered the issue of timeliness of “actual knowledge”, in factual situations where the knowledge was acquired at various times during the bankruptcy proceedings. A summary of these cases is found in 9 Am.Jur.2d 599, Verbo Bankruptcy, Sec. 798 as follows:
“Knowledge is not timely so as to prevent the exception of an unscheduled debt unless it was acquired soon enough to permit the filing of a proof of claim. Moreover, knowledge in time to prove a claim does not necessarily prevent the exception. Knowledge of bankruptcy proceedings on the part of a creditor of the bankrupt, which is not acquired until after discharge, although in time to prove his claim and to move to revoke the discharge, is not the knowledge of proceedings in bankruptcy which is essential to the discharge of a debt not duly scheduled in time for proof and allowance. However, it has been held that it is not necessary that the creditor have knowledge at the very beginning of the proceeding, so that he may vote in the election of a trustee.”
The syllabus in Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231, shows the court held:
“Knowledge of bankruptcy proceedings on the part of a creditor of the bankrupt, which is not acquired until after discharge, though in time to prove his claim under the bankruptcy act of July 1, 1898 (30 Stat. at L. 563, chap. 541, U.S.Comp.Stat.1901, p. 3448), § 65, and to move, under § 15, to revoke the discharge, is not the ‘actual knowledge of the proceedings in bankruptcy’ which, under § 17, is essential to the release, *119 "by the discharge, of provable debts which have not been duly scheduled in time for proof and allowance.”
See also Remington on Bankruptcy, Vol. 8, Sec. 3358 at page 240 which states:
“The notice ought, certainly, to be early enough to permit the creditor to oppose the bankrupt’s discharge or composition, and if it is not early enough for that purpose, it should not be held to ■obviate lack of due scheduling, even though early enough to permit sharing in dividends.”
As the trial judge points out, the evidence •shows plaintiff did become aware that defendant had taken bankruptcy, but it does ■not with sufficient certainty show the time •such knowledge was acquired. In particular, the evidence does not show plaintiff learned of the bankruptcy proceedings before defendant’s discharge in bankruptcy on July 26, 1962. Under the holding in Birkett v. Columbia Bank, supra, the knowledge was therefore not timely received.
The law is clear, as stated in all of the ■authorities cited above, that this provision •of the Bankruptcy Act is strictly construed in favor of the creditor, since it is for the .benefit of the creditor and in the interest of fair dealing with him. Defendant had the burden of proving that plaintiff had actual knowledge and that he had such knowledge ■timely. Defendant has failed to meet this ‘burden.
Having concluded that whatever knowledge was received by plaintiff of the bankruptcy proceedings, this knowledge was not received in time for the plaintiff to protect his rights as a creditor, it is actually unnecessary for us to consider plaintiff’s further argument that the type of knowledge received by plaintiff was not sufficient to constitute “actual knowledge.” There is persuasive authority, as shown by the cases •cited in 8B C.J.S. Verbo Bankruptcy § 577 (3) a, p. 87, and in Remington on Bankruptcy, Vol. 8, Sec. 3357 that if the creditor •of an unscheduled debt does not receive legal notice, the same as other creditors, he then must have “actual knowledge” which would be generally equivalent to such legal notice. The argument is that the creditor has a right to rely upon the provisions of the Bankruptcy Act that he will either receive legal notice or will, from some other source, receive actual knowledge of the information contained in a notice, and that he will receive this actual knowledge timely. None of the above cited Louisiana cases discuss this precise problem in detail and we mention it for the specific purpose of pointing out that we do not hold the knowledge received by plaintiff here was sufficient, even if the evidence had shown it was timely received.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.