171 So.2d 834 (1965)
Herman LASHOVER
v.
Louis P. AUDLER, Jr.
No. 1669.
Court of Appeal of Louisiana. Fourth Circuit.
February 8, 1965.
*835 Garrett & Carl, Clifton S. Carl, New Orleans, for plaintiff-appellant.
Reed, Reed & Reed, Corwin B. Reed, New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ and HALL, JJ.
HALL, Judge.
Plaintiff instituted foreclosure proceedings as the holder and owner of a second mortgage note executed by defendant. The mortgaged property was sold by the sheriff in due course "with appraisement" but the proceeds of the sale being insufficient to satisfy his claim plaintiff brought this suit praying for a deficiency judgment against defendant. The defendant answered admitting all of the facts alleged in plaintiff's petition but made the special defense of a discharge in bankruptcy, which the Trial Court maintained and rendered judgment dismissing plaintiff's suit. Plaintiff appealed.
The sole issue presented is whether plaintiff had timely actual knowledge of defendant's bankruptcy proceedings. If he did the judgment appealed from is correct. If he did not plaintiff is entitled to a judgment in his favor as prayed for.
The pertinent section of the Bankruptcy
Act reads in part as follows:
"§ 35. Debts not affected by a discharge
"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance * * * unless such creditor had notice or actual knowledge of the proceedings in bankruptcy * * *" 11 U.S.C.A. § 35 (Emphasis supplied).
The "notice" contemplated by the statute is the formal written or printed notice sent to the creditor by the Bankruptcy Court. See Robinson v. Henderson, La. App., 162 So.2d 116; 8B C.J.S. Bankruptcy § 577(3), p. 87.
In the instant case defendant filed a petition in bankruptcy on October 25, 1962 and received his discharge on February 25, 1963. Plaintiff was not listed as a creditor in the proceedings and had no "notice" of the proceedings. It follows that defendant's discharge in bankruptcy did not release him from his indebtedness to plaintiff unless plaintiff had "actual knowledge of the proceedings in bankruptcy" in time to prove his claim and to participate equally with other creditors in the administration of the estate. See Industrial Loan & Investment Co. v. Chapman, La.App., 193 So. 504; Childers v. Hankins, La.App., 180 So. 891; Smith v. Todd, 10 La.App. 199, 120 So. 433; 8B C.J.S. Verbo Bankruptcy § 577(3), p. 89.
The burden rested on the defendant to prove such timely actual knowledge on the part of plaintiff. See Hill v. Smith, 260 U.S. 592, 43 S.Ct. 219, 97 L.Ed. 419; Industrial Loan & Investment Co. v. Chapman, supra; Collier on Bankruptcy, Vol. 1 § 17.23(6), p. 1672.
The only proof adduced by defendant to discharge this burden is his own uncorroborated and unsupported testimony which we quote in full as follows:
"Q. Had you ever discussed the bankruptcy with Mr. Lashover?
*836 "A. The specific date is questionable with me, but to me it was right before Christmas I met Mr. Lashover in or outside of a restaurant downtown and I mentioned to him that I had filed for bankruptcy.
"Q. Which year was that?
"A. 1962.
"Q. And do you recall where this was you met him?
"A. I believe it was the Coffee House, the Roosevelt Coffee House.
"Q. Were you in the habit of seeing him?
"A. We had met frequently, yes.
"Q. What prompted you to discuss the matter with him?
"A. It was a little embarrassing, I wanted to let him know that I had filed.
"Q. You have subsequently discovered he was not listed on the schedule, is that correct?
"A. Yes, that's right.
"Q. At the time you spoke to Mr. Lashover about the bankruptcy, did you know whether he was listed or whether he was not?
"A. I thought he was.
"Q. And what was the gist of the conversation?
"A. Well, it was just a friendly conversation and in passing I mentioned that I had filed bankruptcy. I had not arranged the appointment as such. It was an accidental meeting."

* * * * * *
"Q. You do remember that you mentioned it in passing, you had gone into bankruptcy?
"A. Yes.
"Q. What did he say to you about this?
"A. He said, `Yes'. I don't believe there was any discussion.
"Q. You didn't discuss the liability you had on the note to him?
"A. I believe both of us were aware of it.
"Q. You didn't discuss the effect of bankruptcy on the note?
"A. I don't recall. I recall having the conversation.
"Q. Did you have any conversation subsequent to the time with Mr. Lashover?
"A. No, Sir, I don't believe so."
Plaintiff emphatically denied that such a conversation ever took place.
Defendant's testimony is so vague as to details that we entertain grave doubts that such a conversation took place. However, assuming that it did, all that was imparted to plaintiff thereby was the bare fact of bankruptcy. "Actual knowledge of the proceedings in bankruptcy" in our opinion consists of more than the knowledge which might result from a casual reference to a bankruptcy in an offhand manner during a conversation attendant upon a chance meeting. It means knowledge of facts at least sufficient to apprise the creditor that a proceeding is actually commenced and where that proceeding is pending.
"* * * but a creditor's knowledge that the debtor has gone into bankruptcy is not such knowledge of the proceedings in bankruptcy as will discharge a debt not duly scheduled." 8B C.J.S. Bankruptcy § 577(3), p. 87.
"The proof and the findings here go no farther than to show that the plaintiff was told by a stranger to the proceeding that the defendant Newton had gone into bankruptcy. But the *837 fact that one's debtor has gone into bankruptcy is not notice or knowledge of the `proceedings in bankruptcy.'" Wheeler v. Newton, 168 App.Div. 782, 154 N.Y.S. 431.
In the case of Robinson v. Henderson, La.App., 162 So.2d 116 a conversation between the debtor and creditor took place relating to the debtor's bankruptcy.
After holding that whatever knowledge the creditor received was not timely the Court proceeded to say:
"There is persuasive authority, as shown by the cases cited in 8B C.J.S. Verbo Bankruptcy § 577(3) a, p. 87, and in Remington on Bankruptcy, Vol. 8, Sec. 3357 that if the creditor of an unscheduled debt does not receive legal notice, the same as such other creditors, he then must have `actual knowledge' which would be generally equivalent to such legal notice. The argument is that the creditor has a right to rely upon the provisions of the Bankruptcy Act that he will either receive legal notice or will, from some other source, receive actual knowledge of the information contained in a notice, and that he will receive this actual knowledge timely. None of the above cited Louisiana cases discuss this precise problem in detail and we mention it for the specific purpose of pointing out that we do not hold the knowledge received by plaintiff here was sufficient, even if the evidence had shown it was timely received."
We are of the opinion that the defendant has failed to sustain the burden of proving that plaintiff had actual timely notice of the proceedings in bankruptcy.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the plaintiff, Herman Lashover and against the defendant Louis P. Audler, Jr., in the full sum of $2,705.19 together with interest thereon at the rate of 8% per annum from March 22, 1961 until paid, and all costs incurred in both Courts.
Reversed and rendered.