CULPEPPER, Judge.
Plaintiff filed this suit against James J. Duhon and Leona Duhon for the balance due on a promissory note and recognition of a chattel mortgage on certain household furnishings. James J. Duhon urged discharge in bankruptcy as a special defense. Leona Duhon did not appear by answer or otherwise. The district judge sustained the bankruptcy defense and rendered judgment against James J. Duhon, in rem, and against Leona Duhon, by default in per-sonam. Plaintiff appealed seeking a judgment in personam against James J. Duhon. James J. Duhon answered the appeal, seeking damages for a frivolous appeal. Leona Duhon did not appeal.
The substantial issues are: (1) Did the district judge abuse his discretion in authorizing defendant to amend his answer on the date of the trial ? (2) Since defendant failed to prove that plaintiff’s debt was listed on the schedule in his petition for bankruptcy, is the debt discharged?
The record shows that plaintiff’s suit was filed on December 22, 1967. The defendant, James J. Duhon, filed an answer on January 4, 1968, alleging that he had filed a petition for bankruptcy on Novem *369 ber 28, 1967 and, although the debt due plaintiff was not listed in the original petition, an amendment was filed on December 28, 1967, listing plaintiff’s debt.
On the date of the trial, April 30, 1968, defendant moved to amend his answer to include an allegation that he had now been discharged in bankruptcy. Over plaintiff’s objection, the motion to amend was granted. Defendant then filed in evidence a copy of his discharge in bankruptcy issued on January 31, 1968, pursuant to the petition which had been filed on November 28, 1967.
Under the facts, the district judge clearly acted within his discretion in allowing the motion to amend the answer, LSA-C.C.P. Art. 1155. Jurisprudence has construed this article as giving the trial judge broad powers to allow supplemental pleadings in order to promote the ends of justice, Wallace v. Hanover Ins. Co. of N. Y., La.App., 164 So.2d 111. We see no way in which plaintiff was seriously prejudiced. It knew of the bankruptcy proceedings and that this was going to be a defense. It was not taken by surprise. It did not ask for a continuance of this case in order to further prepare.
The second issue arises from the fact that although defendant alleged in his answer that his original petition in bankruptcy had been amended on December 28, 1967 to list the plaintiff’s debt, no copy of the schedules were actually filed in evidence in the present suit to prove that plaintiffs debt was listed in the bankruptcy proceedings.
Our jurisprudence is established that even though a debt is not scheduled in the bankruptcy proceedings, it is nevertheless discharged where the creditor had actual knowledge of the bankruptcy proceedings in time to prove his claim and participate equally with the other creditors in the bankruptcy court, Lashover v. Audler, La.App., 171 So.2d 834; Robinson v. Henderson, La.App., 162 So.2d 116; Childers v. Hankins, La.App., 180 So. 891. In the present case, defendant’s answer filed on January 4, 1968, expressly advised plaintiff of the pendency of the bankruptcy proceedings. The discharge was not issued until January 31, 1968. Hence, plaintiff had actual notice in time to protect his rights in the bankruptcy court. Under the jurisprudence cited above, the debt was discharged, regardless of whether it was scheduled.
Defendant appellee answered the appeal seeking damages for frivolous appeal, LSA-C.C.P. Art. 2164. Such damages are not allowable unless the appeal was taken solely for delay or counsel for appellant did not sincerely believe his position had merit. Lanza Enterprises, Inc. v. Continental Ins. Co., La.App., 129 So.2d 91. No such circumstances are shown here. The request for such damages is therefore denied.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.