LOTTINGER, Judge.
This is a suit filed by petitioner, Central Credit Corporation, Mid-City Branch, Inc., versus defendant, James R. Ravencraft, for the sum of $816.00, same being the original amount of the promissory note sued upon. The Lower Court awarded judgment in favor of defendant and dismissed petitioner’s claim, and petitioner has appealed.
The record discloses that on December 1, 1969, the defendant executed a promissory note in the sum of $816.00 payable to Gulf-co Finance Company. During January of 197Ó, Gulfco sold the note to petitioner.
No payments having been made on this note, suit was filed on August 7, 1970. Defendant answered the suit specifically pleading that any obligation evidenced by the promissory note sued upon, was extinguished by a discharge in bankruptcy dated July 21, 1970. The petitioner claims that it was never notified of the bankruptcy proceeding and, therefore, the promissory note sued upon has not been discharged by the bankruptcy decree.
Title 11, Section 35 of the United States Code Annotated provides, in part, as follows :
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, 'whether allowable in full or in part, except such as . (3) have not been duly scheduled in time for proof and allowance, with the name of the *561 creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; . . (Italics supplied.)
The defendant maintains that the filing of the proceeding in bankruptcy was published in a newspaper known as the “Daily Legal News” and that such publication constituted notice to the petitioner. While we are not favored with written reasons from the Lower Court, it is apparent from the briefs filed by the parties before this Court that the Court held that such publication constituted a constructive notice to petitioner. It was not shown that any notice was mailed to petitioner nor that he had actual knowledge of the bankruptcy proceedings. The trustee in bankruptcy did mail a notice to Gulfco at P. O. Box 157, Baton Rouge, La., and said notice was returned to the sender marked “no such box”.
The record further discloses that the listing in the bankruptcy schedule was not in the petitioner’s name but was in the name of the payee of the note, although the defendant well knew that the note had been negotiated to petitioner prior to the filing of the bankruptcy. In our opinion, the Lower Court erred in holding that the publication of such notice constituted “notice or actual knowledge” as is required by the provisions of the bankruptcy act. The publication of such notice certainly did not constitute the notice as required because the notice contemplated is legal notice, whereas the knowledge required is “actual knowledge”.
In Robinson v. Henderson, 162 So.2d 116, the Court said:
“We point out at the outset that there is a difference between the words ‘notice’ and ‘actual knowledge’ as used in the above quoted portion of the Bankruptcy Act. As is stated in 8B C.J.S. Verbo Bankruptcy § 577 (3) a, p. 87:
‘The notice contemplated by this section of the Act is a written or printed notice to the creditor. However, this

section of the Act evidently contemplates that the creditor may have actual knowledge of the bankruptcy proceedings derived from other sources than the modes pointed out in the Act, and if a creditor has knowledge or notice, however acquired, of the bankruptcy proceedings in time to prove his claim, such claim is barred by the bankrupt’s discharge.’
The law is clear, as stated in all of the authorities cited above, that this provision of the Bankruptcy Act is strictly construed in favor of the creditor, since it is for the benefit of the creditor and in the interest of fair dealing with him. Defendant had the burden of proving that plaintiff had actual knowledge and that he had such knowledge timely. Defendant has failed to meet this burden.”
In Lashover v. Audler, 171 So.2d 834, the Court, in holding that petitioner did not have timely actual knowledge of the bankruptcy proceeding, the Court said:
“The burden rested on the defendant to prove such timely actual knowledge on the part of plaintiff. See Hill v. Smith, 260 U.S. 592, 43 S.Ct. 219, 97 L.Ed. 419; Industrial Loan & Investment Co. v. Chapman, supra; Collier on Bankruptcy, Vol. 1, § 17.23(6), p. 1672.”
In view of the above authorities, we feel that the Lower Court erred in holding that constructive knowledge of the bankruptcy proceeding is sufficient to supply the requirements of the Bankruptcy Act. Accordingly, the judgment of the Lower Court will be reversed and there will be judgment herein in favor of petitioner and against defendant in the full sum of $816.00 with legal interest thereon from date of judicial demand until paid, plus 25% additional upon the total amount due as stipulated attorney fees, and for all costs of this suit, and that the act of chattel mortgage securing this said promissory note be recognized and enforced, and the *562 said property be sold by the Sheriff of East Baton Rouge Parish, at public auction and subject to appraisal, in accordance with the provisions of law. All costs of this appeal shall be paid by defendant.
Judgment reversed.