## BIRKETT *v.* COLUMBIA BANK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 26.  Argued October 28, 1904.—Decided November 28, 1904.

Actual knowledge of the proceedings contemplated by section 17 of the Bankruptcy Act is a knowledge in time to avail a creditor of the benefits of the law and to give him an equal opportunity with other creditors, and not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends.

THIS is an action on a promissory note for $750. The defense is discharge in bankruptcy. The making of the note

was admitted, and the only question presented is the effect of the discharge.

The facts as found by the court are: Plaintiff in error and one Calvin Russell, who died before the commencement of this action, were partners doing business under the name of Russell & Birkett, and in that name made and delivered to the Manhattan Railway Advertising Company a promissory note for $750. The latter company endorsed the note to defendant in error, of which Russell & Birkett had knowledge before its maturity. On April 13, 1899, the firm of Russell & Birkett and plaintiff in error, upon their own petition, were adjudicated bankrupts in the United States District Court for the Northern District of New York, and were discharged September 12, 1899. The claim of defendant in error was not scheduled, either as a debt of the firm or of plaintiff in error, in time for proof and allowance with the name of the defendant in error, though defendant in error was known at the time of filing the schedules to be the owner and holder thereof by plaintiff in error, and that defendant in error had no notice or actual knowledge or other knowledge of the proceedings in bankruptcy prior to the discharge of the bankrupts. No notice of the proceedings in bankruptcy was at any time given to defendant in error by, or by the direction of, the bankrupts or either of them. It was decided that the claim of defendant in error was not barred by the discharge in bankruptcy, and judgment was directed for defendant in error.

*Mr. John Murray Downs*, with whom *Mr. Thomas Carmody* and *Mr. Robert G. Scherer* were on the brief, for plaintiff in error:

No duty is imposed by the Bankruptcy Law upon the bankrupt to give notice to his creditors. That duty is imposed on the referee.

Pleading the discharge in bankruptcy and proving the same established *prima facie* a complete defense to this action. The bank's claim existed and was a provable debt against the

estate; the bank had actual knowledge of the proceeding in time to prove its claim and have it allowed, and the presumption is that it was barred by the discharge. The burden of proof·was with the bank to show not only that it had no notice of the proceeding in bankruptcy, but that it had no actual knowledge. *Fider* v. *Manheim*, 81 N. W. Rep. 2; *Jones* v. *Walter*, 74 S. W. Rep. (Ky.) 249; *Zimmerman* v. *Ketchum*, 71 Pac. Rep. (Kan.) 264; *Smith* v. *Wheeler*, 55 App. Div. 170; *Lamb* v. *Brown*, 14 Fed. Cas. 988; *S. C.*, 12 N. B. R. 522; *Carey* v. *Mayor*, 79 Fed. Rep. 926; *White* v. *Howe*, 29 Fed. Cas. 1019; *S. C.*, 3 McLean, 291; *Lathrop* v. *Stewart*, 14 Fed. Cas. 1185; *S. C.*, 5 McLean, 167.

The burden was not with the plaintiff in error; the bank was not within the exceptions in § 17. *Jarecki* v. *McElwaine*, 107 Fed. Rep. 249.

The discharge in bankruptcy was properly pleaded. N. Y. Code Civ. Pro. § 532; *Livingston* v. *Oaksmith*, 13 Abb. 183; *Schermerhorn* v. *Talman*, 14 N. Y. 93, 125; *Harrison* v. *Lourie*, 49 How. Pr. 124, 127; *Stevens* v. *King*, 16 App. Div. 377; *McCormick* v. *Pickering*, 4 N. Y. 276; *Morse* v. *Cloyes*, 11 Barb. 100; *Small* v. *Graves*, 7 Barb. 577; *Raye* v. *Lapham*, 27 Ohio St. 452; *S. C.*, 15 B. R. 508; *Hall* v. *Robins*, 61 Barb. 33.

A bankruptcy proceeding is in the nature of a proceeding *in rem* before a court of record having jurisdiction and entitled to all presumptions as to its legality and binding effect. *Shawhan* v. *Wherritt*, 7 How. 627; *In re Watts*, 190 U. S. 32. It is a proceeding practically to distribute the property of a bankrupt for the benefit of its creditors and the creditors have a direct representative in the proceedings, the trustee in bankruptcy.

*Mr. Julius J. Frank* for defendant in error:

The writ should be dismissed or the judgment affirmed because of failure to transmit any assignment of errors with the record. Rev. Stat. § 997. As no "plain error" appears

therein the uniform practice of the court should be followed in this case. *Lucas* v. *Brook*, 18 Wall. 436; *Portland Co.* v. *United States*, 15 Wall. 1; *Ryan* v. *Koch*, 17 Wall. 19; *Treat* v. *Jemison*, 20 Wall. 652; *Maxwell* v. *Stewart*, 21 Wall. 71; *Scholey* v. *Rew*, 23 Wall. 331; *Rowe* v. *Phelps*, 152 U. S. 87. *United States* v. *Pena*, 175 U. S. 500, distinguished.

The cause of action was not barred by the discharge. The bank's name and address did not appear in the schedule of the bankrupt and no notice was sent to it. Loveland on Bankruptcy, 98 note *n*, subd. *a*, § 58 of the act. There is proof to support a finding that no notice was sent by the referee. The court has power to so find. *Ogden* v. *Alexander*, 140 N. Y. 356, 362. Notice too late to be availed of is not a bar. *Stuart* v. *Palmer*, 74 N. Y. 183, 191; *Montana Co.* v. *St. Louis Co.*, 152 U. S. 160, 169.

The circumstances of omitting the name from the schedules warrant the finding of willful and even fraudulent omission of plaintiff's name from the schedules, which, even under the act of 1867, would have "prevented the operation of the discharge on the claim held by the omitted creditor." *Poillon* v. *Lawrence*, 77 N. Y. 207; *Batchelder* v. *Low*, 8 Natl. Bank. Reg. 571; *Matter of Kalish*, Deady, 575; *Tyrrel* v. *Hammerstein*, 35 Misc. 505.

The discharge was insufficiently pleaded, the facts proven did not sustain the defence; where a party claims a statute as a release from an otherwise valid debt, he will he held to strict pleading; if the statute contains an exception, he must strictly plead both the statute and the facts negativing the exception. 1 Kent Com. 463; *Harris* v. *White*, 81 N. Y. 532; *Jones* v. *Axen*, 1 Ld. Raym. 119; *Spieres* v. *Parker*, 1 Term R. 141; Bouvier's Dictionary, "Exception"; Sedgwick, Constr. St. & Const. Law, 50; Potter's Dwarris on Statutes, 119; *Rowell* v. *Janvrin*, 151 N. Y. 60.

The burden of proof throughout was on the defendant below. N. Y. Code Civ. Pro. 514, 516, 522, 532, and he did not sustain it. There was no request to find or any finding

that the bank had notice in time to prove its claim. *Koehler v. Hughes,* 148 N. Y. 507, 515; *Loan Assn. v. Ebaugh,* 185 U. S. 114, 121; *Hawley* v. *Donoghue,* 116 U. S. 1.

MR. JUSTICE McKENNA, after making the foregoing statement, delivered the opinion of the court.

The judgment was successively confirmed by the Appellate Division of the Supreme Court and the Court of Appeals. 174 N. Y. 112. Thereupon judgment was entered in the Supreme Court in accordance with the direction of the Court of Appeals. This writ of error was then sued out.

Section 7 of the Bankrupt Law of 1898 devolves a number of duties upon the bankrupt, all directed to the purpose of a full and unreserved exposition of his affairs, property and creditors. Among his duties he is required to "prepare, make oath to, and file in the court, within ten days . . . a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to, all in triplicate, one copy of each for the clerk, one for the referee, and one for the trustee. . . ." To the neglect of this duty the law attaches a punitive consequence. Section 17 provides: "A discharge in bankruptcy shall release a bankrupt of all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. . . ."

But plaintiff in error urges that defendant in error did have actual knowledge of the proceedings in bankruptcy, and that Congress contemplated that there might be an intentional or inadvertent omission of the names of creditors from the schedule of debts, and provided against it by other provisions of the

law, especially by that which makes it the duty of the referee to give notice to creditors (sec. 38), and by that which imposes the duty on the bankrupt to appear at the meeting of creditors for examination.

The finding of the trial court is that defendant "had no notice or actual knowledge, or other knowledge, of said proceedings in bankruptcy prior to the discharge of the bankrupt therein." This is made more definite as to time by the Court of Appeals. Defendant in error, upon making an inquiry by letter November 6, 1899, about Russell & Birkett, was informed that they had gone through bankruptcy, and subsequently, (November 17), the Northern District was given as the district of the proceedings. The discharge was September 12, 1899. Knowledge, therefore, it is contended, came to defendant in error in time to prove its claim (section 65), and to move to revoke the discharge of the bankrupt (section 15). It is hence argued that defendant in error must be held to have had "actual knowledge of the proceedings in bankruptcy," as those words of section 17 must be construed. We do not think so, nor is that construction supported by the other provisions of the law urged by plaintiff in error. Actual knowledge of the proceedings contemplated by the section is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends (section 65). The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding without penalty to him. It is easy to see

what results such looseness would permit—what preference could be accomplished and covered by it.

*Judgment affirmed.*