## Karol v. Stewart Stores, Inc.

*Bankruptcy — Discharge of debt though not scheduled — Knowledge of bankruptcy.*

1. A creditor of a bankrupt corporation, not scheduled in the bankrupt's list of creditors and not proving his debt, but disclosing his knowledge of the bankruptcy in his answer to a *scire facias sur* recognizance in a foreign attachment, is barred by the confirmation of a composition agreement and cannot subsequently maintain an action on the original debt against another corporation to which the bankrupt's assets have been transferred by way of purchase after the composition.

2. A bankrupt is released from a provable claim under a composition where the creditor had notice or actual knowledge of the proceedings in bankruptcy, even though his claim was not scheduled or considered in the composition.

*Assumpsit* for debt. Affidavit of defence raising questions of law. C. P. Lehigh Co., Sept. T., 1926, No. 79.

*Dallas Dillinger, Jr.,* and *Edwin K. Kline,* for plaintiff.

*Butz & Rupp,* for defendant.

IOBST, J., Feb. 21, 1927.—The plaintiff instituted his suit against the Stewart Stores, Inc., for the recovery of $4120.10, with interest. The defendant filed an affidavit of defence raising questions of law, alleging failure of the plaintiff to sufficiently plead any contractual relationship between the parties or claim upon which a judgment could legally be entered in favor of the plaintiff and against the defendant.

In his statement of claim the plaintiff alleges that on Oct. 7, 1921, he became surety for Star Stores, Inc., in the sum of $10,000 upon a writ of foreign

Karol v. Stewart Stores, Inc.

attachment to No. 181, October Term, 1921, wherein Finance Trust Company was plaintiff and Star Stores, Inc., defendant, which proceedings are made a part of plaintiff's statement of claim. On Dec. 13, 1921, the Finance Trust Company, plaintiff in No. 181, October Term, 1921, had judgment entered against the Star Stores, Inc., in the sum of $5072.52. On Feb. 17, 1922, the Finance Trust Company, as use-plaintiff to William F. Clauss, Sheriff of Lehigh County, in No. 84, April Term, 1922, Common Pleas of Lehigh County, caused a *scire facias sur* recognizance to be issued against Gabriel Karol, plaintiff in the instant case, upon the bond entered by the Star Stores, Inc., and on which bond the said Gabriel Karol was surety. On March 13, 1922, the within plaintiff, as defendant in No. 84, April Term, 1922, filed his answer to the *scire facias sur* recognizance. As a determination of that case, the Court of Common Pleas entered judgment in favor of the Finance Trust Company and against Gabriel Karol in the sum of $5469.02. On appeal to the Supreme Court of Pennsylvania, the judgment of the Common Pleas Court was sustained with leave, as set forth to Nos. 75 and 76, January Term, 1924. In accordance with the opinion of Mr. Justice Simpson, the judgment was reduced to $4070.74, which sum was then paid by Gabriel Karol to the use-plaintiff. The record to No. 84, April Term, 1922, is made a part of plaintiff's statement of claim.

The Star Stores, Inc., defendant in No. 181, October Term, 1921, was adjudged a bankrupt by the United States District Court for the Southern District of New York, and from the record papers in No. 181, October Term, 1921, we find the adjudication in bankruptcy as of Dec. 7, 1921. Subsequent to the adjudication in bankruptcy, Star Stores offered a composition to its creditors, which composition was accepted by a majority in number and in amount of creditors, whereupon the referee in bankruptcy filed his report recommending the acceptance of said composition, the confirmation of the recommendation being subject to call on March 13, 1922. Gabriel Karol, within plaintiff, was not listed by the Star Stores, Inc., as one of its creditors, nor did he file any claim with the referee in the bankruptcy proceedings. The United States District Court, confirming the aforesaid composition, entered the following order: "Ordered that upon the entry of an order confirming this composition, all of the assets of the bankrupt estate be turned over to Max Albert, as trustee for New Star Stores, Inc., to which order said alleged bankrupt hereby consents." Whereupon all of the assets of the bankrupt were turned over to and delivered to the said Max Albert, trustee for New Star Stores, Inc. Subsequent to this arrangement, a new corporation was created under the laws of the Commonwealth of Pennsylvania, and a charter granted and letters-patent issued by the Governor of the Commonwealth of Pennsylvania to the New Star Stores, Inc. Subsequent to the charter, Max Albert, trustee, for a consideration of stock issued by the corporation, executed bills of sale for all of the assets formerly the property of the Star Stores, Inc., to the New Star Stores, Inc. Again, subsequent to the incorporation of the New Star Stores, Inc., a merger was formed by the later company with the National Outfitting Company, and a new charter secured in the name of Stewart Stores, Inc., the defendant in this case, conditioned that the said merged corporation, under the name of Stewart Stores, Inc., assume all of the liabilities of the New Star Stores, Inc., and the National Outfitting Company.

Before a plaintiff can recover against a defendant in an action of *assumpsit*, there must be some liability on the part of the defendant to the plaintiff, and the pleadings upon which a plaintiff bases his action must set forth a cause of action.

Karol *v.* Stewart Stores, Inc.

In the original cause the parties were Finance Trust Company, plaintiff and Star Stores, Inc., defendant. As a result of this case, a subsequent issue developed, the parties there being William F. Clauss, then Sheriff of Lehigh County, to the use of Finance Trust Company, plaintiff, and Gabriel Karol defendant. At that time New Star Stores, Inc., and Stewart Stores, Inc. were not in being. Neither were these latter two corporations in existence at the time that the assets of the Star Stores, Inc., bankrupt, were delivered to Max Albert, trustee, when the compromise with the creditors of Star Stores Inc., was effected.

The plaintiff in this action seeks to fix liability on the part of the present defendant by alleging in the 17th paragraph of the statement of claim "that therein (referring to the schedule of creditors) plaintiff (Gabriel Karol) was not listed by said Star Stores, Inc., as one of its creditors, either in its original or amended schedules filed in said bankruptcy cause."

The plaintiff in this case surely had full knowledge of the bankruptcy proceedings of the Star Stores, Inc., in the United States District Court, for in his answer as defendant in No. 84, April Term, 1922, which record has been made a part of plaintiff's statement of claim in this cause, he sets forth in detail those proceedings, and especially refers to the composition effected by the Star Stores, Inc., with its creditors, and refers to the final confirmation thereof as of March 13, 1922, which is the same date on which Gabriel Karol swore to his affidavit of defence. On March 13, 1922, Gabriel Karol knew the amount for which he was liable on his bond in the attachment execution, judgment having been taken by the Finance Trust Company against the Star Stores, Inc., on Dec. 13, 1921, in the sum of $5072.52. Further proof of knowledge is also evident when we examine the affidavit of Gabriel Karol on his petition for a rule to open the judgment in No. 181, October Term, 1921 which record has also been made a part of plaintiff's statement of claim This petition is sworn to by him on Feb. 6, 1922, and in it he alleges that "I had no knowledge of the entry of said judgment until a few days prior to the date of this petition."

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, . . . unless such creditors had notice or actual knowledge of the proceedings in bankruptcy:" Section 17; 1 Collier on Bankruptcy (13th ed 1923), 591.

Actual knowledge has been defined by the Supreme Court of the United States in these words: "Actual knowledge of the proceedings contemplated the section is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends Birkett *v.* Columbia Bank, 12 Am. Bank. Reps. 691; 195 U. S. 345.

"Where a creditor of a bankrupt, holding a judgment note with a waiver of exemption, does not present it in bankruptcy proceedings, although he has knowledge of such proceedings, . . . he cannot thereafter enter up the judgment note and enforce the judgment against the bankrupt or against goods set apart by the trustee in bankruptcy to the bankrupt under his claim exemption under the bankrupt law:" Claster *v.* Soble, 22 Pa. Superior 631 (Syl.).

It is very clear from these provisions, the plaintiff admitting actual and seasonable knowledge of the proceedings in bankruptcy in his pleadings, that his claim is, therefore, barred.

Karol v. Stewart Stores, Inc.

We might also add that at the time that the assets of the Star Stores, Inc., bankrupt, were turned over to Max Albert, trustee for New Star Stores, Inc., the latter was not in being. According to the pleadings, the incorporation of New Star Stores, Inc., took place some time subsequent thereto. It is not alleged that New Star Stores, Inc., became a successor of Star Stores, Inc., nor that it assumed any of its liabilities or obligations. If the New Star Stores, Inc., received all of the assets of the Star Stores, Inc., it did so by way of purchase, the pleadings setting forth that this was done in consideration of stock issued by the corporation.

We, therefore, come to the conclusion that the plaintiff in his statement of claim sets forth no cause of action, and judgment must, therefore, be entered in favor of the defendant.

### Decree of court.

Now, Feb. 21, 1927, the affidavit of defence raising questions of law is sustained and judgment is, therefore, entered in favor of the defendant.

From Edwin L. Kohler. Allentown, Pa.