**BEHYMER CORPORATION, a Corporation, Plaintiff-Appellant,**

v.

**Joseph C. STEFFE et ux., Defendants,**

**Joseph C. Steffe, Respondent.**

**No. 32104.**

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

Leyhe, Jacobsmeyer & Meyer, R. W. Jacobsmeyer, William H. Leyhe, III, Clayton, for appellant.

Pannell & Hess, W. L. Pannell, Festus, for respondent.

CLEMENS, Commissioner.

This appeal arises from an order quashing a writ of execution. The only issue is whether the plaintiff's judgment is barred by defendant Joseph C. Steffe's discharge in bankruptcy; and that, in turn, depends on the question of due notice of the bankruptcy proceeding.

■ A discharge in bankruptcy does not automatically release the bankrupt from all his debts. As said in the case of In re Perel, D.C.Tex., 51 F.2d 506[3]:

"While the discharge of an honest bankrupt who has fully and fairly com-

plied with all of the requirements of the statute is one of the prime objects of bankruptcy, the right to discharge does not flow from the fact of adjudication alone, but from that fact coupled with compliance with all of the essential requirements of the Bankruptcy Act (11 USCA). * * *"

Our case touches only one segment of the law of bankruptcy. In capsule form it is this: A bankrupt may be discharged from a debt *if* he schedules it by correctly listing the creditor's address; but even if he fails to do so, he still can be released from the debt *if* he shows that the creditor was otherwise notified or had actual knowledge of the bankruptcy proceeding.

Plaintiff originally got a $3,000 judgment against defendants Joseph C. Steffe and his wife, Jeanette B. Steffe. She has dropped out of this part of the case, so he alone will be referred to as the defendant. The judgment became final on July 3, 1963. The next week, on July 12, defendant filed a petition in bankruptcy listing the plaintiff's judgment as a debt. In due course defendant was adjudged bankrupt and on October 1, 1963, he was ordered discharged.

Some months later the plaintiff got an "execution in garnishment," returnable April 10, 1964. The defendant then filed his motion to quash, alleging his bankruptcy proceeding and declaring that " * * plaintiff was duly notified of the said bankruptcy proceedings and received a notice from the said Federal District Court of the first meeting of Creditors which was held in said Federal District Court on the 23rd day of August, 1963. * * *" However, at the outset of the hearing on the motion to quash, the parties stipulated that the plaintiff had *not* received the pleaded notice of the bankruptcy proceedings; and that the formal notice mailed to the plaintiff by the Referee in Bankruptcy had been returned to the referee because the defendant had incorrectly listed the address of plaintiff's office.

The defendant had originally borrowed money from the plaintiff corporation in 1960, when its office was at 8954 St. Charles Rock Road in Overland, St. Louis County. When defendant scheduled his debts in his bankruptcy petition, he got that address from a receipt book originally given to him by the plaintiff in 1960 and from an old St. Louis telephone book he had at his home. Although the defendant worked regularly in the City of St. Louis, he made no effort to get plaintiff's address from a current telephone book or any other source of current information. The plaintiff's office had been gone from the Overland address for more than two years. In May of 1961 it had moved its office to 10987 Margate, Bridgeton, St. Louis County, and since then its address had been so listed in the St. Louis telephone books. The plaintiff knew nothing of defendant's bankruptcy until it was asserted in the defendant's motion to quash.

As said, the defendant's motion had pleaded that plaintiff had been formally notified of the bankruptcy proceeding. Defendant admitted that was not so. He then introduced evidence, over plaintiff's objection, in an effort to show that the plaintiff had acquired actual knowledge of the proceeding. This, by offering in evidence an *earlier* writ of execution which plaintiff had procured on June 20, 1963. That execution bore the sheriff's return: "Executed the within Writ in the County of Jefferson, State of Missouri, on the 12 day of Aug A.D. 19—, by Personal Service on Jeanette B. Steffe and find they have filed Bankrucpty [sic] in U. S. Court 1114 Mkt St. Case No. 63B–1419 on July 11th 1963." Although this earlier writ of execution was in the court file at the time of the hearing on May 14, 1964, there was no oral or documentary evidence as to when it had been issued by the clerk, or when it had been made or filed by the sheriff; nor was it shown that plaintiff had been informed of the sheriff's return.

We will consider this evidence in the light of two key provisions of the Bank-

ruptcy Act. Section 7 of the Act (11 U.S. C.A. § 25) requires a bankrupt to file a list of all his creditors "showing their residences or places of business, if known, or if unknown that fact to be stated. * * *" Section 17 of the Act (11 U.S.C.A. § 35) declares that a discharge in bankruptcy shall release a bankrupt only from those debts that have been duly scheduled, "unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * *." If the defendant is to be freed of his obligation to pay plaintiff's judgment, he must have met one of these statutory requirements. As said in 9 Am.Jur.2d Bankruptcy § 797: "* * * If a debt is not duly and properly scheduled and the creditor did not have notice or knowledge of the proceedings in bankruptcy in time to file proof of claim, his debt is not affected by the discharge. * * *" It was so held by this court in Wohlschlaeger v. Dorsey, Mo.App., 206 S.W.2d 677 [11].

The evidence therefore presents two questions of law: Did the defendant duly schedule the plaintiff's judgment? If not, did the plaintiff nonetheless acquire notice or actual knowledge of the bankruptcy proceedings? We will examine these in turn.

The general rule as to a bankrupt's duty to schedule the correct address of a creditor is in 9 Am.Jur.2d Bankruptcy § 374:

"* * * In determining the sufficiency of the scheduling of a creditor's residence or address, the Bankruptcy Act has, for the most part, been strictly construed. It has been held or recognized that the bankrupt is under a duty to exercise due diligence to ascertain the correct residence or address of the creditor for the purpose of scheduling him, and in exercising such diligence, it may be necessary to consult a telephone or city directory. Although the matter of good faith has been deemed to be of significance in a few cases, in other cases the fact of due scheduling, and not the intent, was deemed to be con-

trolling. In several instances the sufficiency of the scheduled residence or address of the creditor has been said to be dependent on the particular facts and circumstances.

"As a rule, and at least in the absence of a sufficient explanation in such respect, the incorrect listing of a creditor's residence or business address has been deemed an insufficient scheduling of the debt. * * * "

To the same effect, see 8B C.J.S. Bankruptcy § 577(2); and 68 A.L.R.2d Annotation § 3, pp. 962–965. These principles were declared and applied in the case of Bartlett v. Taylor, 209 Mo.App. 612, 238 S.W. 141, where the bankrupt knew a creditor's street address in Kansas City but omitted that street address in his schedule of debts. In denying the bankrupt's claim of discharge as to that debt, the court said at l. c. 238 S.W. 143:

"* * * We think it follows from the rule laid down in that case [Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231] that, if a discharge is to have the effect of canceling the debt of the creditor who had no notice of the proceedings, the burden is upon the bankrupt to show substantial compliance with the act.

"The requirement for duly scheduling the names of creditors is in compliance with the generally recognized principle that one cannot be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and must be construed in harmony with this purpose. [Citing cases.]

"We hold that it is a question of due diligence in every case, and in the case at bar defendant will be charged with lack of such due diligence. * * * "

Applying these principles to the facts of our case, we conclude that the defendant did not duly schedule the plaintiff's judgment in his bankruptcy proceeding. He gave its address on information from sources well over two years old, although current information was readily available to him from any St. Louis telephone book or city directory. And, he failed to act upon the information that the notice mailed to plaintiff by the Referee in Bankruptcy had been returned because of the incorrect address. Thus, he failed to demonstrate the diligence required of him as a condition to his discharge from the plaintiff's judgment by bankruptcy. This conclusion leads us to consideration of the defendant's claim that plaintiff had acquired knowledge of his bankruptcy proceedings, and that such knowledge excuses him from failing to duly schedule the judgment.

As mentioned earlier, although the defendant *pleaded* that the plaintiff had been formally notified of the bankruptcy proceeding, he tried to prove that it had actual knowledge thereof from the sheriff's return endorsed on its previous writ of execution. Even if we disregard the plaintiff's objection thereto, this evidence does not save the defendant. His only relief would depend upon the portion of the Bankruptcy Act quoted above which permits a discharge if the creditor had "actual knowledge of the proceeding in bankruptcy." As said in 9 Am.Jur.2d Bankruptcy § 799: "The notice or knowledge, from whatever source, must be actually existent, as distinguished from speculative, or so-called constructive notice, if it is to render a debt not duly scheduled dischargeable. * * * " The case of Wheeler v. Newton, 168 App. Div. 782, 154 N.Y.S. 431, aff'd by Court of Appeals of New York, 220 N.Y. 607, 115 N.E. 1053, dealt with a creditor who was not given formal notice of bankruptcy proceedings but had been told by a third person that the debtor had gone into bankruptcy. In denying the debtor's claim of discharge, the court said at 154 N.Y.S. l. c. 434:

"* * * It must follow, therefore, that when the statute here under consideration required 'notice or actual

knowledge,' it contemplated a personal notice, or 'knowledge of the proceedings in bankruptcy' equivalent to such personal notice. In other words, that great underlying principle of our law, that no one shall be deprived of his property without due process of law, is present in this statute, and it requires such personal notice of the proceedings, or actual knowledge equivalent to such personal notice, as would be required in any court where it was proposed to deprive a man of his property. * * *"

■ There was no evidence here that either the plaintiff or its attorney was aware of the sheriff's statement in the return until the filing of defendant's motion to quash in February, 1964. So, we conclude that the plaintiff had no actual knowledge of the bankruptcy proceedings before that time. By then, the defendant had been discharged in bankruptcy and it was too late for such actual knowledge to bar plaintiff's claim. This, because such actual knowledge by a creditor must be acquired before the bankrupt's discharge. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231.

Thus, there was not sufficient evidence before the trial court to warrant its order quashing plaintiff's writ of execution and the garnishment in aid thereof. The order should be reversed and the cause remanded with instructions that further proceedings be consistent with this opinion.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the order quashing plaintiff's writ of execution and the garnishment in aid thereof is reversed; and the cause is remanded with instructions that further proceedings be consistent with this opinion.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.