**In re Daniel W. JONES, Evelyn G. Jones, Debtors.**

**ATLANTIC NATIONAL BANK OF FLORIDA, Plaintiff,**

v.

**Daniel W. JONES and Evelyn G. Jones, Defendants.**

**Bankruptcy No. 81–121–ORL–BK–GP. Adv. No. 81–328.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

Aug. 11, 1982.

Robert F. Higgins, Orlando, Fla., for plaintiff.

Mr. and Mrs. Daniel W. Jones, pro se.

## FINAL JUDGMENT FINDING DEBT IS NOT EXCEPTED FROM DISCHARGE

GEORGE L. PROCTOR, Bankruptcy Judge.

This is an action concerning dischargeability of a debt under 11 U.S.C. § 523(a)(3).

Atlantic National Bank of Florida, plaintiff, obtained a Final Judgment against Daniel W. Jones and Evelyn G. Jones, defendants, in a civil action in the Circuit Court of Orange County, Florida, on March 7, 1980. Defendants filed a petition under Chapter 7 of the Bankruptcy Code on February 26, 1981, and were discharged on June 8, 1981. On their schedules as originally filed defendants failed to list plaintiff as a creditor. Plaintiff's knowledge of this bankruptcy was obtained June 17, 1981, when plaintiff received a Notice of Discharge from the Clerk of the Bankruptcy Court. Said Notice contained a list of names of debtors who were discharged and was sent to plaintiff with reference to another estate in which this plaintiff was listed as a creditor. Upon reviewing the Notice, plaintiff discovered the names of defendants.

On July 29, 1982, defendants amended their schedules to include plaintiff. By Order of the Court dated August 11, 1981, plaintiff was notified of defendants' bankruptcy and was given additional time to file a complaint to except a debt from discharge, object to the discharge, and file a proof of claim against defendants' estate. Plaintiff contends that defendants' debt to it is non-dischargeable because plaintiff was not added as a creditor in time to effectively exercise its right to participate in the administration of the affairs of defendants' estate.

Plaintiff cites as authority for its position the case of *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), which was decided by the United States Supreme Court under the Bankruptcy Act. In *Birkett* the Court decided that the mere failure of a debtor to list a creditor on its original schedules was a basis for a determination of non-dischargeability of a debt despite the fact that the Court made no findings that the rights of the creditor were prejudiced, nor that the debtor was guilty of fraud or deceit in making the omission. Since the express intent of Congress in enacting § 523(a)(3) of the Bankruptcy Code was to overrule *Birkett*, it is not dispositive of the issues before this Court. 124 Cong. Rec. H-11, 095–6 (daily ed. Sept. 28, 1978); S-17, 412–13 (daily ed. Oct. 6, 1978); also, See 3 Collier on Bankruptcy, § 523.13, at 523–81 (15th ed. 1981).

Plaintiff's complaint as to the non-dischargeability of defendants' debt can only be sustained upon a showing that its rights as a creditor were prejudiced by its being added to defendants' schedules at a later date. Although plaintiff did not have an opportunity to examine defendants at a § 341 meeting, this lack of opportunity could easily have been remedied by an examination of defendants pursuant to Rule 205 of the Bankruptcy Rules of Procedure. In addition, plaintiff received notice of defendants' bankruptcy well within the six month period following the § 341 meeting to enable plaintiff to file a timely proof of claim and to participate in any distribution to be made from defendants' estate. Finally, the Court extended the time period for plaintiff to file an exception or objection to discharge, thereby affording plaintiff a full opportunity to file such a complaint. The Court cannot find that the rights of plaintiff as a creditor have been prejudiced in any way.

For all of the above reasons, this Court finds that defendants' debt to plaintiff is discharged in bankruptcy pursuant to 11 U.S.C. § 524(a).