**In re Donald Evert BARRETT and Marilyn Grace Barrett, Debtors.**

**Bankruptcy No. 381–03712.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 29, 1982.

Margaret J. Heath, Goodlettsville, Tenn., for the Bank of Goodlettsville.

Terry E. McNabb, Madison, Tenn., for debtors.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtors Donald Evert and Marilyn Grace Barrett's motion to reopen this closed bankruptcy case to amend their schedules by adding the Bank of Goodlettsville as a creditor. At the hearing of this matter on August 17, 1982, the court decided to treat the debtors' motion as an application to reopen to determine the dischargeability of a debt. *See In re Rediker,* 25 B.R. 71 at —— – —— Case No. 380–01623 (Bkrtcy. M.D.Tenn.1982). The Bank of Goodlettsville contends that the debt in question is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3). Upon consideration of the testimony of witnesses, stipulations, briefs of the parties and the entire record, this court concludes that this case should be reopened for the purpose of finding that the debt owed to the Bank of Goodlettsville is dischargeable.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The facts in this case are essentially undisputed. The debtors filed a voluntary Chapter 7 petition in this court on November 23, 1981. At that time, the debtors owed the Bank of Goodlettsville approximately $900.00 for outstanding loan commitments. The debtors failed to list this obligation in their Statement of Schedules and Affairs. The order and notice setting the date for the debtors' first meeting of creditors, which was mailed to all scheduled creditors on December 11, 1981, contained a no asset notice as provided by Federal Rules of Bankruptcy Procedure 203(b) and 302(e)(4). The no asset notice informed unsecured creditors that "it is not necessary for creditors to file unsecured claims at this time" and that "[I]f it subsequently appears that there are assets from which a dividend might to [sic] be paid on unsecured claims, creditors will be so notified and given an opportunity to file such claims." The order and notice also fixed February 17, 1982, as the last day for the filing of complaints objecting to the discharge of the debtor and for the filing of complaints to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c). The debtors' meeting of creditors was held on January 18, 1982. On the same day, the trustee in this case filed a no asset report with the court. The debtor was granted a discharge on March 16, 1982. The court subsequently entered an order approving the trustee's report of no assets and closing the estate on April 29, 1982.

During the pendency of this bankruptcy proceeding, the debtors made one payment to the Bank of Goodlettsville on their loan obligations. This payment was received by the Bank on February 16, 1982. The debtors' failure to make any further payments on this debt prompted the Bank's attorney to write a letter to the debtors dated April 28, 1982, demanding payment of the loans. When the debtors failed to respond, the Bank sent a collection officer to the debtors' home on May 10, 1982. At that time, the collection officer was informed of the debtors' bankruptcy petition.

The debtors now seek to have this debt to the Bank of Goodlettsville declared dischargeable pursuant to 11 U.S.C. § 523(a)(3) which provides as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...."

Section 523(a)(3) of the Bankruptcy Code is derived in large part from § 17a(3) [11 U.S.C. § 35] of the former Bankruptcy Act. Section 523(a)(3) nonetheless does differ from § 17a(3) in at least one significant aspect. Under the Act, § 17a(3) was interpreted to exclude a debt from discharge if the objecting creditor did not have either actual or constructive knowledge of the bankruptcy petition in time to permit meaningful participation in the bankruptcy proceeding. *Birkett v. Columbia Bank,* 195 U.S. 345, 349–350, 25 S.Ct. 38, 39–40, 49 L.Ed. 231 (1904); *Moureau v. Leaseamatic, Inc.,* 542 F.2d 251, 252–253 (5th Cir.1976); *Knott v. Penno Leasing Co.,* 472 F.Supp. 564, 568 (S.D.Ohio 1979); *Robinson v. Currier,* 2 B.R. 127, 129–130 (Bkrtcy.D.Or.1979); *Pure in Heart Baptist Church v. Fulton,* 3 B.R. 600, 602–603 (Bkrtcy.E.D.Mich.1980); *In the Matter of Robertson,* 13 B.R. 726, 732–733 (Bkrtcy.E.D.Va.1981). As the United States Supreme Court explained in *Birkett v. Columbia Bank,* 195 U.S. at 350, 25 S.Ct. at 40:

"Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors, —not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends (§ 65)."

The enactment of § 523(a)(3) was intended to overrule the *Birkett* decision. 124 Cong.Rec. S17,412 (daily ed. Oct. 6, 1978) (Statement of Sen. DeConcini); 124 Cong. Rec. H11,096 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). A debt will only be excepted from discharge under § 523(a)(3) if the objecting creditor failed to receive actual or constructive knowledge in time to permit a timely filing of a proof of claim and, if the debt at issue is of a kind specified in § 523(a)(2), (4) or (6), timely request for a determination of dischargeability of such a debt. The fact that the objecting creditor was denied the opportunity to otherwise participate in the subject bankruptcy proceeding is now irrelevant to the determination of dischargeability under § 523(a)(3). As one leading commentator observed:

"To be excepted from discharge, a debt need be listed or scheduled in time to permit the creditor to protect his rights respecting the filing of a proof of claim and to file a complaint to determine the dischargeability of debts which fall within the exceptions of section 523(a)(2), (4), or (6). *If these rights of the creditor are protected, then the debt falls without the exception.*

. . . . .

... the debt must be listed or scheduled in time to permit the creditor to timely file his proof of claim. *This is the sole requirement. Whether the debt was listed or scheduled in time to permit other participation in the case is of no consequence. If listed or filed in time to permit the creditor to file a proof of claim, the debt does not fall within the exception to discharge of section 523(a)(3).*

There is, however, an exception to the rule that a debt must be listed or scheduled in time to permit timely filing of a proof of claim: if the creditor had notice or actual notice of the case in time to permit timely filing of his proof of claim, then the debt will be discharged whether listed or scheduled or not." (emphasis added).

3 Collier on Bankruptcy ¶ 523.13, at 523–81 to 523–82 (15th ed. 1982).

In conformity with this analysis, the court must find that the debt in question is dischargeable. The creditor herein received actual notice of this bankruptcy case on May 10, 1982, approximately four months after the debtors' meeting of creditors on January 18, 1982. Creditors have six months after the meeting of creditors to file proofs of claims in asset cases. Fed.R. Bankr.P. 302(e). Even in this no asset case, an unsecured creditor such as the Bank would have at the minimum six months after the meeting of creditors in which to file a proof of claim if such action became necessary. Fed.R.Bankr.P. 302(e)(4). The Bank of Goodlettsville therefore received actual notice of the debtors' bankruptcy petition in time to permit a timely filing of a proof of claim. Furthermore, although § 523(a)(3)(B) does provide that certain debts will be nondischargeable if the objecting creditor did not obtain actual or constructive knowledge in time to timely request a determination of the dischargeability of such debt, the Bank has presented no evidence to indicate that its debt falls within the types of debts specified in § 523(a)(3)(B). The court must therefore conclude that the debt in question is dischargeable. *See Battle v. Glens Falls Insurance Co.,* Case No. 380–00685, Adv.Proc. No. 380–0524, slip op. at 4 (Bankr.M.D. Tenn. March 19, 1981).

The court would note that it does not condone the actions of the debtors in this case. The debtors were obviously aware of the debt owed to the Bank and, for some unfathomable reason, neglected to list the creditor in their bankruptcy schedules. Such a course of conduct might justify the

revocation of the debtors' discharge pursuant to 11 U.S.C. § 727(d) (West 1979) which provides in relevant part:

"(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; ...."

This issue, however, has not been raised by any party and therefore is not properly before the court at this time.

The court will accordingly enter an order reopening this case to find that the debt in question in the amount of approximately $900.00 is dischargeable.

IT IS, THEREFORE, SO ORDERED.