**A.H.L. PROPERTIES # 1, Appellant,**

v.

**CENTRAL NATIONAL BANK OF HOUSTON, Appellee.**

No. 2371cv.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Jan. 20, 1983.

Henry J. Kaim, Sheinfeld, Maley & Kay, Houston, for appellant.

William C. Boyd, Patterson, Boyd, Lowery & Aderholt, Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

A.H.L. Properties No. 1 has brought this appeal from a judgment denying its application for discharge and cancellation of a judgment and lien held by the appellee, Central National Bank of Houston. We affirm.

The record discloses that Robert Aylin, William B. Hoff and Julio S. Laguarta formed a partnership called A.H.L. Properties No. 1 for the purpose of owning realty located in Houston, Texas. Although Hoff conveyed all his right, title and interest in the partnership, including the real property, to Laguarta on October 23, 1968, record title to the land remained in the names of all three original partners. Consequently, a judgment in excess of $280,000.00 entered on behalf of Central National Bank of Houston against Hoff operates as a cloud on the title of this property.

On October 13, 1978, Hoff filed a petition in bankruptcy in the United States District Court for the Southern District of Texas. As required by 11 U.S.C. § 521(1) (1979), Hoff's attorney prepared and filed a schedule listing his creditors and a notice list containing their names and addresses. The name and address of Central National Bank were not on these lists, but the name of the senior partner in the law firm which represented the Bank in its action against Hoff was included. The partner, Bennett Patterson, never handled matters involving the Bank and is now deceased. William Boyd, the member of the firm who did represent the Bank, testified that he received no notice and had no actual knowledge of the Hoff bankruptcy. An officer of the Bank also disclaimed that the Bank had notice or actual knowledge of the proceeding. The attorney representing Hoff in the bankruptcy proceedings does not recall speaking with anyone in the Patterson, Boyd law firm.

On October 12, 1979, the United States District Court adjudged Hoff a bankrupt and released him from all dischargeable debts. As provided by Tex.Rev.Civ.Stat. Ann. Art. 5449(a) (Vernon Supp.1982), A.H.L. brought this action seeking an order directing the discharge and cancellation of the judgment and lien held by Central National Bank against Hoff upon proof of the federal court decree. The Bank answered

that the judgment was not dischargeable because it never received notice as a creditor of the bankrupt.

After an evidentiary hearing the trial court, in its filed findings of fact, found that neither Central National Bank nor attorney Boyd had notice or knowledge of the bankruptcy. The court also found that there was no admissible evidence that Patterson received notice of the bankruptcy. The court concluded in filed conclusions of law that the debt owed by Hoff to Central National Bank was not discharged in the bankruptcy proceeding; therefore, the judgment lien representing that debt could not be discharged under the authority of Tex.Rev.Civ.Stat.Ann. Art. 5449(a) (Vernon Supp.1982).

Appellants now contend that there was insufficient evidence to support the court's finding and that the court erred as a matter of law in finding that the Bank had no notice of the bankruptcy because its attorney received notice. Our review of these points of error will follow the well-established guidelines set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965) and *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

■ Before turning to the evidence, we shall briefly describe the provisions of bankruptcy law which are applicable to this case. The Bankruptcy Act, 11 U.S.C. § 521 (1979), requires that debtors file the names of all their creditors with the court in order to ensure that creditors are informed of the bankruptcy thereby enabling them to make their claims and participate in the administration of the estate. *Birkett v. Columbia Bank,* 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904). If debtors fail to protect creditors' rights and the creditors do not obtain notice or actual knowledge from some other source, the debt is not discharged. 11 U.S.C. § 523 (1979). A bankrupt is obligated to use diligence and due care when scheduling creditors on his petition. *In re Porter,* 16 B.R. 229, 234 (Bkrtcy.D.Mass. 1981). Notice to a party's counsel is imputed to the party. *In re Robertson,* 13 B.R. 726, 733 (Bkrtcy.E.D.Va.1981); *In re Didio,* 1 B.R. 196, 199 (Bkrtcy.E.D.Penn.1979).

■ It is the clerk of the bankruptcy court who mails notices of all significant events to creditors listed on the bankrupt's schedule. Rules Bankr.Proc. Rule 203, 11 U.S.C. (1977). There is a presumption that letters duly mailed are received by the addressee. *Standley v. Graham Production Co.,* 83 F.2d 489, 491 (5th Cir.1936).

In order to find that the debt was discharged, it was necessary for the court to find that notice was mailed to the proper representative of the Central National Bank or that the Bank derived knowledge from some other source. There was no evidence that the Bank learned of the bankruptcy. The appellants contend that inclusion of the name of attorney Patterson on Hoff's schedule meant that he received notice. They further argue that as a partner of the attorney representing the Bank, his knowledge can be imputed to the Bank on agency principles.

We need not decide whether A.H.L. is correct in its conclusion that Patterson's knowledge can be imputed to the Bank, because we find no evidence in the record which establishes that the notices were mailed. The evidence shows that Patterson's name and address were among those of the other creditors on the notice list. Richard Fuqua, the attorney who represented Hoff in the bankruptcy proceeding, testified that he places a check mark next to the name of the creditors when his clerk prepares a notice card. There is a check mark next to Patterson's name. The record contains a certification by the Bankruptcy Clerk that the notice list is a true and correct copy of the one used in the Hoff bankruptcy proceeding but does not contain an affidavit that notice was actually mailed to the creditors.

■ Whether notices to creditors were properly mailed must appear affirmatively in the record. 3 Collier on Bankruptcy (14th Ed.) § 58.05(5). Proof of mailing is usually submitted in the form of an affidavit by the person who did the mailing. See *In re Vega,* 15 B.R. 174, 175–76 (Bkrtcy.W.

D.Okla.1981); *In re Downing,* 199 F. 329, 330–31 (N.D.N.Y.1912). Testimony of the Bankruptcy Clerk at the hearing would have been acceptable proof of mailing, as well. This record is silent, however, on the subject.

In the absence of evidence that notice was properly mailed to the correct representative of the creditor or that the Bank had actual knowledge of the proceedings, the federal court decree would not discharge the debt owed by Hoff to Central National Bank. Therefore, the trial court was correct in denying the appellant's application.

The judgment of the trial court is AFFIRMED.