In re Samuel S. and Jane B.
BULBIN, Debtors.

Irving GORDON, Plaintiff,

v.

Samuel S. and Jane B.
BULBIN, Defendants.

Bankruptcy No. 87–00785.
Adv. No. 90–0044.

United States Bankruptcy Court,
District of Columbia.

Dec. 26, 1990.

Glenn J. Sedam, Jr., Fairfax, Va., for plaintiff.

Richard H. Gins, Washington, D.C., for defendants.

## SUPPLEMENTAL DECISION

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This supplements the court's oral decision of October 23, 1990, granting the de-fendants' motion to dismiss the plaintiff's complaint seeking a determination that the plaintiff's claim is nondischargeable and, alternatively, revocation of the debtor's discharge.

■ The plaintiff challenges the belated amendment of the debtor's schedules to list plaintiff as a creditor in the main case. But the amendment had no effect on dischargeability. *In re Hunter*, 116 B.R. 3, 5 (Bankr.D.D.C.1990). No time to file claims has ever been set in this no-asset case such that the plaintiff can still timely file a claim. Thus, under 11 U.S.C. § 523(a)(3) the failure timely to schedule the plaintiff affords no ground for nondischargeability: Section 523(a)(3)(A) limits nondischargeability relief to those cases in which the creditor was unable timely to file a claim and there is no suggestion that § 523(a)(3)(B) applies.

The court must respectfully disagree with the holding in *Matter of Baitcher*, 781 F.2d 1529 (11th Cir.1986), that the debtor must show that the debt was not omitted by fraud or intentional design for the debt to be dischargeable. First, *Baitcher* assumes with *ipse dixit* reasoning that listing of a creditor is necessary before the debt is dischargeable. 781 F.2d at 1530. Second, *Baitcher*, 781 F.2d at 1533, 1534, relies on dicta in *Matter of Stark*, 717 F.2d 322 (7th Cir.1983), which assumed for purposes of decision and without discussion that listing of an omitted creditor was necessary to make the omitted creditor's claim dischargeable and upheld the bankruptcy court's reopening of a closed case for that purpose when there was no evidence of fraud. But *Stark* never decided that listing a creditor is necessary to make the debt dischargeable and a bankruptcy court in the same circuit has held despite *Stark* that no such listing is necessary. *In re Mendiola*, 99 B.R. 864, 869 (Bankr.N.D.Ill. 1989). Third, *Baitcher*, 781 F.2d at 1533, draws tangential support from *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), which dealt with a statute that, in contrast to § 523(a)(2)(A), enforced a *per se* rule of nondischargeability based on any inability of the creditor to

participate in the case. The result in *Birkett,* however, was intentionally overruled in § 523(a)(2)(A). *Hunter,* 116 B.R. at 5 n. 2. *Baitcher* suggests that Congress may not have intended to do away completely with *Birkett,* but disregards the legislative history and common sense on this point. Congress could have steered a middle course by modifying the result in *Birkett* to provide in place of *per se* nondischargeability for nondischargeability in any case in which the inability of the creditor to participate arose from fraud. It simply did not. Finally, as the foregoing makes clear, *Baitcher* most fundamentally errs in disregarding the plain language of § 523(a)(2)(A) and enlarges it to create a new exception to dischargeability that Congress simply has not seen fit to enact.

The plaintiff's alternative requests to deny or revoke the debtor's discharge based on omission of the plaintiff as a creditor is untimely. The plaintiff argues the revocation attempt is timely under 11 U.S.C. § 727(e)(2), but § 727(e)(2) only applies to revocations under 11 U.S.C. § 727(d)(2) and § 727(d)(3), which deal with acts not described in the complaint. Omission of a creditor would be a basis for revocation, if at all, only under 11 U.S.C. § 727(d)(1) and any claim for revocation under § 727(d)(1) is untimely by virtue of 11 U.S.C. § 727(e)(1).

The untimeliness of the complaint is unaltered by the plaintiff's belated knowledge of the case: § 727(d)(1) itself requires that "the requesting party did not know of [the] fraud [in obtaining the discharge] until after granting of [the] discharge" and § 727(e)(1) nevertheless only allows one year after granting of the discharge to request revocation based on such late-discovered fraud. Nor does this statutory scheme violate due process: the grant of a discharge is not a suit against each individual creditor requiring service of a complaint and process and Congress can regulate the grant or denial and revocation of a discharge with whatever protections against abuse as it sees fit. One form of protection it enacted was to except certain omitted creditors from the effect of a discharge. 11 U.S.C. § 523(a)(3). Another was to make the omission a basis for denial or revocation of the discharge in certain circumstances. *E.g.,* 11 U.S.C. § 727(a)(4)(A). So far has Congress gone. Any inability of a creditor to invoke those protections by virtue of late knowledge of the case arising from omission from the schedule of creditors is a matter which must be left to the wisdom of Congress in dealing with legislation governing future cases, not a matter which furnishes a basis for relief from the statute's time limit here.