**In re Donald and Dorothy MEEK.**

**Donald R. MEEK, Plaintiff,**

v.

**C.E. SHARP and Vontilla Sharp, Defendants.**

**Bankruptcy No. 89–41086 S. Adv. No. 90–4174.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 20, 1991.

Daniel Becker, Hot Springs, Ark., for debtors.

Eudox Patterson, Hot Springs, Ark., for C.E. and Vontilla Sharp.

M. Randy Rice, Little Rock, Ark., trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is an Objection to Dischargeability of Debt filed by separate debtor, Donald Meek, in the above adversary proceeding. This adversary proceeding was filed after the debtor filed a Motion to Reopen his closed Chapter 7 case. He received a discharge on November 27, 1989. He asserts a debt owed to the Defendants was discharged in that case. The matter came on for hearing February 13, 1991. The debtors appeared personally and by counsel Daniel Becker, Esq. Eudox Patterson, Esq. appeared on behalf of C.E. and Vontilla Sharp (Sharps).

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that the matter before it is a "core matter" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(I).

After hearing testimony of the parties as well as argument of counsel, the Court finds pursuant to 11 U.S.C. § 523(a)(3) that the debt should not be discharged in the debtors' Chapter 7 case.

The Sharps were inaccurately and inadequately listed on the debtors' petition. Notice was sent to C.F. Sharp, c/o Neil V. Pennick, Attorney, 424 Ouachita, Hot Springs, Arkansas 71901. The uncontradicted and credible testimony of the Sharps was that this attorney and his firm were discharged by the Sharps almost two years before the bankruptcy case was filed.

The proper test for determining whether a debt should be excepted from discharge as one not listed or scheduled is whether the debt was scheduled in time to permit timely request for determination of discharge or timely proof of claim. 11 U.S.C. § 523(a)(3) (A and B). For a debt to be duly listed, for purposes of the statute excepting from discharge a debt not listed or scheduled, the debtor must state the name and address of the creditor. Rule 1007, Rules of Bankruptcy Procedure. Here the debtor listed the creditor's name incorrectly and sent him notice of the filing

of the bankruptcy case in care of an attorney at a law office address.

■ The creditor, thus, has initially demonstrated that his scheduled or listed name and address were not correct. Under the circumstances the debtor must then justify that inaccuracy in preparing his schedules. *In re Holt,* 102 B.R. 116 (Bkrtcy.S.D.Ohio 1989). The Court finds that the debtor has not justified the inaccurate listing.

Use of an address that is two years old does not constitute reasonable diligence for purposes of the statute excepting from discharge a debt not listed or scheduled. See *In re Fauchier,* 71 B.R. 212 (9th Cir. BAP 1987) wherein the Court found, pertinently that the fact that an attorney represented a creditor in a previous state court proceeding did not, by virtue of that relationship alone, allow a conclusion that he continued to represent that creditor with respect to all notices of any future legal proceedings.

This Court agrees. To conclude otherwise would result in a continuing obligation by an attorney to forever provide notice to a former client. The result would be an unwarranted burden on the legal system and does not comport with constitutional due process requirements.

Accordingly, the Court finds that pursuant to 11 U.S.C. § 523(a)(3) the debt owed to C.E. and Vontilla Sharp was not discharged in the debtor's Chapter 7 case. A separate judgment will be entered in accordance with the foregoing.

IT IS SO ORDERED.