**In re Kyong Sun NICHOLSON & Harold T. Nicholson, Debtors.**

**BEVERLY LUMBER CO., Plaintiff,**

v.

**Kyong Sun NICHOLSON & Harold T. Nicholson, Defendants.**

Bankruptcy No. 93–42155–2.
Adv. No. 94–4051–2.

United States Bankruptcy Court,
W.D. Missouri.

July 29, 1994.

---

7. *See also In re Bloomingdale Partners,* 155 B.R. 961 (Bankr.N.D.Ill.1993); *In re Vermont Inv.,*

L.P., 142 B.R. 571 (Bankr.D.D.C.1992).

Robert N. Calbi, Kansas City, MO, for plaintiff.

Mark Allen Roy, Kansas City, MO, for debtors/defendants.

## ORDER

FRANK W. KOGER, Chief Judge.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on or about July 21, 1993. Debtors listed approximately 60 creditors, one of which was Beverly Lumber Co., the plaintiff in this adversary action. The address given for Beverly Lumber Co. was listed as 3282I East 8th Street, Kansas City, Missouri 64124. That is not, was not, and never has been the address of Beverly Lumber Co. In fact, it is not even the same county where Beverly Lumber Co. has its various offices and yards. Strangely enough, the address of the debtors is 3821 East 8th Street, Kansas City, Missouri 64124. Beverly Lumber Co. never filed a proof of claim. It is the representation of Beverly Lumber Co. that they never received any notice of the bankruptcy from the Bankruptcy Court and the further representation of said Beverly Lumber Co. is that they had no actual notice of the bankruptcy itself. The debtors make no representation to the effect that Beverly Lumber Co. had actual knowledge of the bankruptcy filing or discharge. Debtors received a discharge and the case was closed on October 22, 1993.

In 1994 Beverly Lumber Co. filed suit against the two debtors/defendants in the Circuit Court of Jackson County, Missouri, seeking to collect some $4,000.00 plus interest which is due on the books and records of Beverly Lumber Co. Debtors asserted the bankruptcy discharge as a defense in said case and it was at this point the address issue was discovered.

■ Beverly Lumber Co. filed this adversary action seeking a determination that the debt owed to Beverly Lumber Co. by the debtors was not dischargeable. Debtors have filed a response suggesting that said debt should be declared dischargeable although not citing any particular grounds for such a ruling. The pertinent section of the Bankruptcy Reform Act of 1978 is 11 U.S.C. § 523(a)(3). When strung together appropriately that section reads as follows:

"A discharge under section 727 ... does not discharge an individual debtor from any debt.... neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing ..."

The question then arises if the debtor does set forth the name of the creditor and the amount owed to the creditor but does not

give the proper address so that proper notice can be received by the creditor, has the debtor failed within the exception of the section quoted?

 This Court believes that although the words are not specifically included in the statute, that when the statute talks about the listing or scheduling of the creditor it requires the proper deliverable address where the creditor is destined to receive appropriate notice. If the statute does not mean that, then there is nothing that can assure the creditor of ever receiving notice of proceedings by the debtor or against the creditor. If nothing else, due process, at the most basic level, requires that the debtor furnish an appropriate address for the creditor if the debtor knows it. There may be situations which arise wherein the creditor's address is not known and that there may even be a need for some kind of publication or substituted notice. However, such was not the case here and there has been no showing that debtor was misled or unaware of a valid and appropriate address for the creditor.

There is a substantial body of decisions holding that where the creditor is not listed, the debt is not discharged by the bankruptcy discharge. These cases start with *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904) and *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir.1946) both of which dealt with § 17(a)(3) of the 1896 Act. That section was the forerunner of § 523(a)(3) of the present Code and bears a marked resemblance to the present section. Since 1979, there have not been a great number of cases which have not followed the general thrust of *Birkett*. Later cases include *In re Fauchier*, 71 B.R. 212 (9th Cir. BAP 1987) wherein the 9th Circuit Bankruptcy Appellate Panel reversed a holding that where the debtors were not shown to have acted in bad faith in mislisting the creditor's address they could be discharged. This was followed by the case decided by the Honorable Mary D. Scott in *In re Meek*, 126 B.R. 1021 (Bkrtcy. E.D.Ark.1991). In that case the debtors listed the creditors at a former address which had not been the address of the creditors for almost two years. As Judge Scott stated:

"Use of an address that is two years old does not constitute reasonable diligence for purposes of the statute excepting from discharge a debt not listed or scheduled".

See also the decision by Judge Baines in the case of *Matter of Springer*, 127 B.R. 702 (Bkrtcy.M.D.Fla.1991) where Judge Baines likewise held that where the address was improper, the debt was not discharged as to the creditors whose address was so stated.

This Court is not unmindful of the recent decision by the Fifth Circuit in *Matter of Stone*, 10 F.3d 285 (5th Cir.1994). However, that court emphasized that *Birkett* involved knowledge of bankruptcy *after* discharge, while *Stone* involved knowledge of bankruptcy *before* discharge. Since the debtors herein were discharged some 9 months ago, *Stone* is clearly distinguishable. This Court is likewise cognizant of *In re Higgins*, 161 B.R. 993 (Bkrtcy.W.D.Mo.1993) and *In re Beezley*, 994 F.2d 1433 (9th Cir.1993) but both those cases and their antecedents, as well as some progeny, determine a different issue that is not raised by the pleadings herein. Finally, this Court must disagree with *In re Anderson*, 72 B.R. 783 (Bkrtcy.D.Minn.1987). The problem with *Anderson* is that if followed to its ultimate conclusion, only the good faith requirement of filing would necessitate any debtor scheduling any creditor if he filed a no-asset case. Surely, 11 U.S.C. § 523(a)(3) was not enacted for such a vacuous reason as suggested therein.

The only issue before this Court is whether or not the debt has been discharged under the circumstances. There are a number of other issues possible in this case, but the Court is not constrained to decide those since they have not been raised in this proceeding. Accordingly, the complaint of the creditor, Beverly Lumber Co., is granted and the debt to Beverly Lumber Co. owed by Kyong Sun Nicholson and Harold T. Nicholson is declared to be NON DISCHARGEABLE by the bankruptcy proceeding in 1993.

The foregoing Memorandum Opinion constituted Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.