In re Kyle P. DOHERTY, Annette L. Doherty, Debtors.

Kyle P. DOHERTY, Plaintiff,

v.

Robert A. KLIMEK, III, Defendant.

Bankruptcy No. 84–50263.
Adv. No. 94–5018.

United States Bankruptcy Court,
S.D. Illinois.

Dec. 13, 1994.

Timothy C. Hinrichs, Bethalto, IL, for debtors.

William A. Mueller, Belleville, IL, for defendant Robert A. Klimek, III.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Debtor's Complaint to Determine Dischargeability of Debt.

In or about October 1978, Kyle Doherty ("Doherty"), who was enlisted in the United States Navy, sold his automobile to Robert Stafford ("Stafford"), who was also in the Navy. Three days later, and before title to the vehicle was transferred from Doherty's name to Stafford's name, Stafford was involved in an automobile accident wherein Stafford, while driving the subject vehicle, struck Robert A. Klimek III ("Klimek"), causing injuries to Klimek. Doherty was neither a passenger in Stafford's vehicle, nor in any other way involved in the accident; his connection to the accident is based solely upon the fact that title to the vehicle had not been transferred out of his name at the time of the accident.

In or about December 1978, Klimek commenced a civil action against Stafford and Doherty in the United States District Court for the District of Columbia. Doherty was notified of the pendency of this action by certified mail in January 1979 which, although the record is unclear, the Court will construe to be legal and valid service of process under the applicable rules of civil procedures in the U.S. District Court for the District of Columbia at that time. Doherty testified that he contacted "legal aid" on board the ship, and was advised that no action was required on his part. Doherty claims that he never again gave the matter any real thought until March 1994.

In February 1982, Klimek obtained a default judgment against Doherty in the sum of $10,756.42 plus interest and costs.

On July 12, 1984, Debtors filed their petition under Chapter 7 of the Bankruptcy Code. Debtors did not list Klimek as a creditor, nor did they list Klimek's civil judgment as a debt. During administration of the bankruptcy, it was determined that their bankruptcy estate would have no assets from which any dividend could be paid to general unsecured creditors. Accordingly, a notice was sent to creditors advising that it was unnecessary to file their claims.

On October 16, 1984, Debtors were issued their general discharge, and on November 8, 1984, the case was closed and the trustee discharged.

Years later, in November 1993, Klimek was finally able to locate Doherty through a process known as "skip tracing". Klimek arranged for the renewal and transfer of the civil judgment against Doherty, and subsequently recorded the judgment with the Madison County Recorder of Deeds, thereby causing the judgment to attach to any real estate owned by Doherty in Madison County.

In or about March 1994, Klimek mailed a certified letter to Doherty notifying him of the filing of the judgment with the Madison County Recorder of Deeds. Doherty then moved to reopen his bankruptcy, which was allowed. On April 13, 1994, Debtors filed this adversary complaint, seeking a determination that the corresponding debt is dischargeable under the provisions of 11 U.S.C. § 523.

Klimek originally argued that the subject debt was nondischargeable under both 11 U.S.C. § 523(a)(6) and § 523(a)(3), but later conceded that he could not prove a willful and malicious injury as required by § 523(a)(6). Accordingly, Klimek argues that the debt is nondischargeable under the provisions of 11 U.S.C. § 523(a)(3)(A), which provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing(.)

 It is clear from this language that the mere failure to schedule a claim is not enough to bring that claim within the purview of § 523(a)(3)(A). The failure to schedule the subject claim must result in denying the creditor the opportunity to timely file a proof of claim. This subsection protects only the creditor's right to file a proof of claim, nothing else. *In re Stark*, 717 F.2d 322, 324 (7th Cir.1983); *In re Crum*, 48 B.R. 486, 490 (Bankr.N.D.Ill.1985); *In re Barrett*, 24 B.R. 682, 684 (Bankr.M.D.Tenn.1982).

In this case, the Court has already allowed Debtors' Motion to Reopen, and the corresponding order is final and binding. In no-asset Chapter 7 cases in which a notice of insufficient assets to pay a dividend was sent to creditors, as was the case here, the provisions of Bankruptcy Rule 3002(c) which require the filing of a proof of claim within 90 days after the first date set for the meeting of creditors do not apply. Accordingly, Mr. Klimek has not been prejudiced in that he has not been precluded from filing a claim herein because of Debtors' failure to schedule him as a creditor. Of course, the right to file a proof of claim based on an unsecured, non-priority debt in a no-asset liquidation case is not of much value unless subsequent assets are found; however, because Mr. Klimek has not been denied the opportunity to file a timely proof of claim, § 523(a)(3) is not applicable, and the corresponding debt is dischargeable.

As a final matter, in *In re Stark*, *supra*, the Seventh Circuit held that a debtor could reopen a bankruptcy estate to add an omitted creditor where there was no evidence of fraud or intentional design in the omission. While this Court has already allowed the motion to reopen, and while this Court has, in this Opinion, determined that § 523(a)(3)(A) does not apply, other courts in this Circuit have considered sanctioning debtors or denying their motions to reopen in cases where the court finds evidence of fraud or intentional design in the omission. See *In re Crum*, *supra* (on issue of sanctions); *In re Smith*, 68 B.R. 897 (Bankr.N.D.Ill.1987) (on issue of permission to reopen). This Court wishes to point out that it would be inclined to make similar rulings in cases where there is a finding of fraud or intentional design in the omission. That being said, the Court expressly finds no evidence that Debtors' failure to schedule the subject debt in this case was as a result of fraud or intentional design, and expressly rejects Mr. Klimek's arguments to the contrary.

For the reasons set forth above, the debt represented by the judgment against Mr. Doherty in favor of Mr. Klimek is dischargeable in these proceedings.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.